IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

DEC 29 2010

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Appellee, | ) | 2 CA-CR 2009-0399 |
| | ) | DEPARTMENT B |
| v. | ) | |
| | ) | O P I N I O N |
| JAREN SCOTT DAVIS, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR200800720

Honorable Wallace R. Hoggatt, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Laura P. Chiasson                          Tucson
                                                      Attorneys for Appellee


Joseph P. DiRoberto                                                Bisbee
                                                      Attorney for Appellant

E C K E R S T R O M, Judge.

¶1     Following a jury trial, appellant Jaren Davis was convicted of misdemeanor public sexual indecency. The trial court suspended the imposition of sentence, placed Davis on a three-year term of probation, and ordered him to register for life as a sex offender. On appeal, he argues the court abused its discretion by (1) denying his motion for a new trial, which was based on the jury's verdict being against the weight of the evidence; (2) allowing Davis only eight minutes for closing argument; and (3) requiring him to register as a sex offender when he was convicted only of a single misdemeanor offense. We affirm his conviction and disposition for the reasons set forth below.

## Factual and Procedural Background

¶2     Davis initially was charged by indictment with three felonies and three misdemeanors in connection with alleged public sexual indecency between November 2007 and January 2008, and allegedly providing false statements or documents during the investigation of the public indecency charges. A jury found Davis guilty of one count of public sexual indecency, a violation of A.R.S. § 13-1403[1] for intentionally or knowingly engaging in sexual conduct when a minor was present, a class one misdemeanor.[2]

---

[1]The version of the statute in effect when Davis committed the offense was the same as the current version, in relevant part. *See* 2006 Ariz. Sess. Laws, ch. 295, § 3.

[2]The conviction was based on count two of the original indictment, which was the only count at issue in his trial. The trial court granted Davis's motion to sever the sexual-act counts from each other. Davis subsequently was acquitted in a jury trial on count one. On count three, the court granted Davis's motion for a judgment of acquittal after the state presented its case. On the felony fraud and perjury charges, the court granted Davis's motion for a redetermination of probable cause, and the state did not re-file the charges.

**¶3** Davis's trial lasted one and one half days. Ten witnesses testified. The state's case was based on the victim's testimony that Davis drove up to her before she started school, gestured toward her, and masturbated in his vehicle before driving away. The victim provided law enforcement officers with the license plate number of the man's vehicle, which matched that of the car Davis regularly drove. Davis presented misidentification and alibi defenses, presenting evidence to establish (1) the victim's identification of him as the perpetrator was unreliable; (2) the victim's identification of his vehicle was flawed; (3) he could not have been at the scene of the crime when it occurred; and (4) he had not been driving the vehicle the victim identified as the vehicle the perpetrator had been driving. The jury found Davis guilty as noted above.

**¶4** Davis subsequently moved for a judgment of acquittal notwithstanding the verdict and filed two motions for a new trial. In his first motion for a new trial, Davis claimed he had not received a fair trial because the court permitted defense counsel only eight minutes for closing argument. In his second motion, Davis asserted that the jury's verdict was against the weight of the evidence. The trial court denied the motions at the sentencing hearing.

### Verdict Against Weight of Evidence

**¶5** Davis argues the trial court erred in denying his motion for a new trial pursuant to Rule 24.1(c)(1), Ariz. R. Crim. P., because the verdict was "contrary to . . . the weight of the evidence." The court denied the motion, stating that "[t]he Court believes that though the verdict could have gone either way, the verdict was not so far contrary to the evidence that it is legally against the weight of the evidence." We review

3

the court's ruling for an abuse of discretion. *State v. Thornton*, 172 Ariz. 449, 452, 837 P.2d 1184, 1187 (App. 1992).

¶6 A trial court has broad discretion in deciding whether to grant a new trial notwithstanding substantial evidence of guilt if the court concludes the verdict is nonetheless against the weight of the evidence. *See State v. Clifton*, 134 Ariz. 345, 347-49, 656 P.2d 634, 636-38 (App. 1982). However, a court errs in denying such a motion "only if the evidence was insufficient to support a finding beyond a reasonable doubt that the defendant committed the crime." *State v. Landrigan*, 176 Ariz. 1, 4, 859 P.2d 111, 114 (1993).

¶7 Davis bases his weight-of-the-evidence argument on the fact that he had presented evidence showing the identifications of himself and his car were unreliable and evidence that he could not have been at the crime scene or driving the perpetrator's vehicle. But the state also presented contrary evidence establishing the following: that the victim properly had identified Davis as the perpetrator and that Davis had had access to the car the perpetrator had been driving. Because the state presented evidence sufficient to support a verdict of guilt, the trial court did not abuse its discretion in concluding that the verdict was not against "the weight of the evidence." Ariz. R. Crim. P. 24.1(c)(1).

¶8 Davis suggests the trial court must have "fail[ed] to properly consider [his] motion for a new trial" because, in denying the motion, the court conceded that "the verdict could have gone either way." But nothing about that comment suggests the trial court misunderstood the relevant legal standard in rejecting the motion. And, as the

4

court's full comment makes clear, simply because a case may have been a close one does not demonstrate that a verdict of guilt is "legally against the weight of the evidence." The court did not abuse its discretion in denying Davis's motion for a new trial.

**Closing Argument**

¶9         Next, Davis argues the trial court abused its discretion by limiting his closing argument to eight minutes. Before final arguments began, the court informed the jury, Davis, and the state that each side would be given eight minutes for its closing argument and the state would be given two minutes for rebuttal. After Davis's attorney used his allotted time, the court interrupted to inform him he "need[ed] to wrap up," and counsel quickly concluded his remarks. Once the jury retired to begin deliberations, the court observed, "Counsel, I know you felt rushed[;] I could tell. I'm sure everybody else could tell, as well." Nonetheless, the court stated that Davis's attorney and the prosecutor had focused their arguments well and that each had covered what was necessary. The court then apologized for the strict time limits it had imposed but commented that it felt they were unavoidable because another jury trial was scheduled to begin immediately after the court's midday recess.

¶10         Davis did not object to the limitation of his closing argument at that time, but before sentencing he filed a motion for a new trial pursuant to Rule 24.1(c)(5), Ariz. R. Crim. P. In the motion, he argued the limitation had prejudiced his case. The trial court denied the motion, observing that, although it had "severely limit[ed] the time of both sides" in their closing arguments, counsel had argued well in spite of this limitation

5

and had covered all the necessary points. The court also found that "additional time would [not] have changed the outcome."

¶11 On appeal, Davis suggests the trial court's alleged error in limiting closing argument was preserved below by his "timely motion for a new trial" and therefore should be reviewed for an abuse of discretion. The state counters that Davis forfeited review for all but fundamental error by failing to raise the issue at the time the alleged error occurred. We agree with the state.

¶12 The purpose behind the more restrictive fundamental error standard of review is to encourage defendants to present their objections in a timely fashion at trial, when the alleged error may still be corrected, and to discourage defendants from reserving a curable trial error as a "'hole card'" to be played in the event they are dissatisfied with the results of their proceedings. *State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005), *quoting State v. Valdez*, 160 Ariz. 9, 13, 770 P.2d 313, 317 (1989), *overruled on other grounds by Krone v. Hotham*, 181 Ariz. 364, 890 P.2d 1149 (1995). This rationale against procedural gamesmanship applies to curable trial errors raised for the first time in a motion for a new trial. *See Bruno v. San Xavier Rock & Sand Co.*, 76 Ariz. 250, 254, 263 P.2d 308, 311 (1953) (observing party should not be "'permitted to lie in wait, take chances on a favorable verdict and, being disappointed, sally from ambush and, for the first time, complain of an improper argument in the motion for a new trial'"), *quoting Baker Hotel of Dallas, Inc. v. Rogers*, 157 S.W.2d 940, 944 (Tex. Civ. App. 1941). Accordingly, an untimely objection first raised in a motion for a new trial does not preserve an issue for appeal. *E.g.*, *State v. Mills*, 196 Ariz. 269,

6

¶ 15, 995 P.2d 705, 709 (App. 1999); *State v. Arnold*, 26 Ariz. App. 542, 545-46, 549 P.2d 1060, 1063-64 (1976); *State v. Gregge*, 13 Ariz. App. 185, 188-89, 475 P.2d 277, 280-81 (1970).[3]

**¶13** Davis contends he was not required to object under the circumstances because such an objection would have been futile considering another trial was scheduled to start immediately after closing arguments. In support of this claim, Davis relies on *People v. Welch*, 851 P.2d 802 (Cal. 1993). We find *Welch* inapposite, however, as it concerns legal futility and stands for the proposition that a defendant is not required to make an objection that is wholly unsupported by then existing law. *Id.* at 808-09; *accord State v. Goodyear*, 100 Ariz. 244, 247-48, 413 P.2d 566, 568 (1966).

**¶14** A party also, under certain circumstances, might be relieved of the general obligation to object when a trial court, in overruling one objection, states or suggests subsequent objections would be futile. *See, e.g.*, *Higgins v. Higgins*, 194 Ariz. 266, ¶ 27, 981 P.2d 134, 140 (App. 1999); *Marco v. Superior Court*, 17 Ariz. App. 210, 211-12, 496 P.2d 636, 637-38 (1972); *see also* 36 C.J.S. *Federal Courts* § 352 (2010) ("Nothing requires the repetition of a patently futile objection."). But unless a court indicates in its

---

[3]Although courts have commented that a defendant waives an argument by failing to object below, *e.g.*, *Mills*, 196 Ariz. 269, ¶ 15, 995 P.2d at 709, such a failure technically does not "waive" a claim but rather limits the scope of appellate review. *State v. Martinez*, 210 Ariz. 578, n.2, 115 P.3d 618, 620 n.2 (2005). Using the term "waiver" in its less precise sense, Davis argues the state has "waived its . . . waiver argument by not asserting it at the trial court level," where the state responded to the motion for a new trial on its merits. Yet we see no reason why either the state's or the trial court's choice to entertain an untimely argument exclusively on its merits should affect this court's standard of review, nor are we aware of any authority suggesting it does. And because Davis offers no legal authority to support his contention, we reject it.

ruling that an objection would be futile, a party is not relieved of its responsibility to state its objections on the record. *Bruno*, 76 Ariz. at 253-54, 263 P.2d at 310-11. "While a party may believe that making an objection would be futile, and that the objection may irritate the court, it is still incumbent upon the party to make the objection in order to preserve the issue for appeal." 36 C.J.S. *Federal Courts* § 462 (2010).

¶15 Here, an objection to the trial court's limitation on closing arguments would not have been "futile" in any technical sense. Indeed, Davis's contention that the court necessarily would have persisted with the time limitation, notwithstanding a potentially persuasive objection by counsel, is speculation at best. By failing to alert the court that the limitation might substantially hamper his ability to argue his case to the jury, Davis deprived the court of the opportunity to correct any purported error before the jury reached a verdict. In addition, defense counsel's decision to proceed without objection could well have been strategic; counsel might have believed the time limitation would be more of a disadvantage to the state, the party with the burden of proof. *See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607 (potential strategic advantages of failure to object justifying less favorable standard of review).

¶16 To prevail under the fundamental error standard, a defendant bears the burden of establishing error occurred, the error was fundamental, and it resulted in prejudice. *Id.* ¶¶ 19-20. Fundamental error is a rare type of error that takes away from the defendant a right essential to his defense and deprives him the possibility of a fair trial. *Id.* ¶ 19.

¶17        A criminal defendant's right to a closing argument is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, *Herring v. New York*, 422 U.S. 853, 857-59 (1975), and is also secured by Rule 19.1(a)(7), Ariz. R. Crim. P.  Summation is a basic element of a criminal defense that offers the defendant both his last chance to persuade the jury on the issue of reasonable doubt as well as his first chance, after all the evidence has been presented, to present his version of the case as a whole, to "sharpen and clarify the issues for resolution," and to point out the deficiencies of the state's positions.  *Herring*, 422 U.S. at 858, 862.

¶18        A trial court has broad discretion to limit the duration and scope of closing arguments.  *Id.* at 862; *see State v. Tims*, 143 Ariz. 196, 199, 693 P.2d 333, 336 (1985).  But such limitations must not be so severe that they deprive counsel of a meaningful exercise of that procedural entitlement.  In addition, extreme time limitations risk giving the jury a false impression that the matter to be decided is either unimportant or so straightforward that it does not merit significant argument by counsel.

¶19        Whether a trial court's limitation on summation is reasonable will depend on various factors such as the complexity of the case, the nature of the evidence presented, and the gravity of the offense.[4]  *See Simmons v. State*, 753 So. 2d 700, 702

---

[4]A trial court's calendar does not itself provide a basis to limit summation.  *See State v. Kay*, 230 N.E.2d 652, 661-62 (Ohio Ct. App. 1967) (finding limitation improper when based, in part, on trial court's upcoming trial).  We are cognizant that our trial courts must manage their dockets efficiently and to do so they may place some boundaries on the duration of attorneys' arguments.  The propriety of a particular time limitation, however, depends on whether the time allotted allows for meaningful exercise of the right to summation guaranteed by the United States Constitution and our state rules of procedure.

(Fla. Dist. Ct. App. 2000); *State v. Jenkins*, 473 N.E.2d 264, 313 (Ohio 1984); *Dang v. State*, 154 S.W.3d 616, 621 (Tex. Crim. App. 2005); 23A C.J.S. *Criminal Law* § 1687 (2010). By those standards, and in the context of this case, the reasonableness of the trial court's eight-minute limitation was debatable. The case was comparatively complex. Davis presented two defenses, misidentification and alibi, both of which were based on the testimony of numerous witnesses. Because, as the court acknowledged, "the verdict could have gone either way," the case was close and the jury therefore could have benefitted from more thorough argument. Finally, although the misdemeanor classification of the charge suggests that the offense was not comparatively grave, Davis faced the possibility of lifetime registration as a sex offender if convicted, an unquestionably serious consequence. *See Fushek v. State*, 218 Ariz. 285, ¶¶ 17, 30, 183 P.3d 536, 541, 543-44 (2008) (holding sex offender registration sufficiently serious consequence to trigger right to jury trial in misdemeanor case).

¶20　　　　Nonetheless, we find relief unwarranted given the arguments Davis has tendered on appeal and the procedural posture of his case. Davis does not contend the error here was fundamental. *See State v. Moreno-Medrano*, 218 Ariz. 349, ¶ 17, 185 P.3d 135, 140 (App. 2008) (finding defendant waived argument on appeal by failing to allege fundamental error). Additionally, given that his failure to timely object may be viewed under the circumstances as a reasoned, strategic choice that resulted in equal prejudice to the state, the error arguably did not affect the outcome of the case. Because Davis has not sustained his burden under *Henderson* of establishing the alleged error was

fundamental, *see Moreno-Medrano*, 218 Ariz. 349, ¶ 17, 185 P.3d at 140, he is not entitled to relief.

## Sex Offender Registration

**¶21**    Finally, Davis argues the trial court abused its discretion in ordering him to register as a sex offender. Specifically, Davis contends the court should not have imposed that requirement because it was his first conviction and the charge was a misdemeanor.

**¶22**    The record does not support Davis's contention that the trial court treated his conviction as a third conviction. In the absence of such support in the record, we assume the trial court is aware of the law and has applied it correctly. *See State v. Mason*, 225 Ariz. 323, ¶ 14, 238 P.3d 134, 140 (App. 2010).[5] Section 13-3821(C) provides that, "[n]otwithstanding subsection A of this section, the judge who sentences a defendant for any violation of chapter 14 or 35.1 of this title . . . may require the person who committed the offense to register pursuant to this section."[6] Consequently, the trial court had the authority to order Davis to register as a sex offender in the exercise of its discretion.

**¶23**    Our trial courts have broad discretion in imposing sentences that are within statutory limits unless "the reasons given by the court for its action are clearly untenable,

---

[5]Indeed, the trial court's reasoning at the time it imposed sentence suggests that the court was well aware that it was not required to order Davis to register as a sex offender.

[6]The version of the statute in effect when Davis committed the offense was the same, in relevant part, as the current version. *See* 2007 Ariz. Sess. Laws, ch. 84, § 1.

11

legally incorrect, or amount to a denial of justice." *State v. Chapple*, 135 Ariz. 281, 297 n.18, 660 P.2d 1208, 1224 n.18 (1983). In this case, the reasons the court gave for its order were neither "untenable" nor "legally incorrect." *Id.* The court observed, "This was a case of a high school student having been targeted. And I believe that that warrants, for purposes of monitoring for public safety, that you be required to register." Moreover, the court acknowledged the consequences of that order on Davis's ability to secure employment and support his children. Far from reflecting the court's decision was arbitrary, the record demonstrates that it considered and balanced both the public safety purpose of having Davis register as a sex offender and the potentially substantial effect the requirement would have on his life. Given the record before us, Davis has not persuaded us the court abused its discretion.

**Disposition**

¶24        For the foregoing reasons, Davis's conviction and sentence are affirmed.


/s/ *Peter J. Eckerstrom*

PETER J. ECKERSTROM, Judge


CONCURRING:


/s/ *Garye L. Vásquez*

GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Virginia C. Kelly*

VIRGINIA C. KELLY, Judge