280 P.3d 644

## In re JAVIER B.

No. 1 CA–JV 11–0256.

Court of Appeals of Arizona, Division 1, Department E.

July 12, 2012.

Christina Phillis, Maricopa County Public Advocate By Suzanne W. Sanchez, Deputy Public Advocate, Mesa, Attorneys for Appellant Javier B.

William G. Montgomery, Maricopa County Attorney By Linda Van Brakel, Deputy County Attorney, Appeals and Westside Juvenile Division, Phoenix, Attorneys for Appellee.

## OPINION

OROZCO, Judge.

¶ 1 Appellant Javier B. (Juvenile) appeals the juvenile court order that he register as a sex offender until age twenty-five. We affirm the order because we determine that we have jurisdiction and that the evidence is sufficient to support the juvenile court's order. In regard to our jurisdiction, we hold that an order imposing sex offender registration after the juvenile court's initial disposi-

tion can be a final, appealable order even though the time for appeal of the disposition has expired.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 In 2008, when Juvenile was fourteen years old, he engaged in sexual conduct with his then ten-year-old sister. In July 2009, pursuant to a plea agreement, Juvenile admitted to one count of attempted sexual conduct with a minor, a class 3 felony, in exchange for the dismissal of the remaining counts. Juvenile was placed on probation with the requirement that he participate in and complete sex offender treatment. At that time, the court deferred its determination of whether to order Juvenile to register as a sex offender.

¶ 3 In August 2010, Juvenile was charged with violating his probation. Juvenile admitted violating his probation by being unsuccessfully discharged from treatment at a therapeutic group home. The court continued Juvenile on probation with the condition that he participate in and successfully complete sex offender treatment. The court again deferred the issue of sex offender registration.

¶ 4 Juvenile completed a residential care sexual behavior treatment program at a different therapeutic group home. Upon release, Juvenile lived with his aunt. However, approximately three weeks into his community reintegration, Juvenile violated his probation by viewing pornographic images on the internet. Consequently, the court revoked Juvenile's probation and committed him to the Arizona Department of Juvenile Corrections (ADJC) in May 2011. The court deferred the registration issue for a third time.

¶ 5 Shortly before the court was set to review Juvenile's sex offender status, a psychologist evaluated Juvenile to assist the court in making its decision regarding sex offender registration. The psychologist reported that Juvenile actively participated in a sexual behavior treatment program while incarcerated but recommended that Juvenile "continue to advance in his specialized sexual behavior treatment." He also opined that

Juvenile "would benefit from placement in a structured and supportive environment with adult supervision." The psychologist recommended that Juvenile be subject to the following specialized conditions: "No unsupervised contact with children under the age of 14, restriction from areas where young children may frequent, no video programming or pornography depicting deviant sexual themes such as children as sexual objects, rape, or females as submissive sexual objects." Noting that Juvenile would be turning eighteen in March 2012, the psychologist concluded that Juvenile "would benefit from continued support, environmental structure, and guidance during his community adjustment."

¶ 6 The court addressed the issue of sex offender registration at a hearing held in December 2011. The court reviewed the court file, the juvenile probation officer's most current report, and the probation file, including the psychologist's evaluation. The court also listened to the interested parties.

¶ 7 The juvenile probation officer recommended "for community safety" that Juvenile register as a sex offender. The State expressed concerns that Juvenile violated his probation multiple times and had twenty-three incident reports while committed to the ADJC despite knowing the court would be scrutinizing his actions before deciding whether to order him to register as a sex offender. The State was also concerned that Juvenile would still be a risk to the community because "his plan for when he's back into the community is really undeveloped." Ultimately, the State recommended Juvenile register as a sex offender.

¶ 8 Juvenile's attorney argued that Juvenile had favorably progressed in his treatment and was actively engaged in rehabilitation. She suggested Juvenile "be released to [Child Protective Services]" so he could "put the tools that he's learned into place without having the long-term effects of registering until he's [twenty-five]."

¶ 9 The court took the matter under advisement and later ordered that Juvenile register as a sex offender. Juvenile timely appealed that order.

## DISCUSSION

### Jurisdiction

■ ¶ 10 The State challenges this court's jurisdiction to review the order that Juvenile register as a sex offender, arguing that the order was not final and appealable. Essentially, the State contends that because "[a] juvenile's interest in speedy justice is paramount" and the court deferred the registration issue for over two years, policy dictates that the registration order should not be considered a final order. Therefore, according to the State, we do not have jurisdiction. However, in making this argument, the State assumes that there can only be one final order in delinquency cases, and therefore "[t]he only way this last order can be construed as a final order for purposes of appeal would be to say that the juvenile court kept all the previous disposition orders in this case ... from becoming final, appealable orders...." We disagree and find the registration order was a separate final order.

■ ¶ 11 An aggrieved party in a juvenile court proceeding may appeal only from a final order. Ariz.Rev.Stat. (A.R.S.) § 8–235.A (2007); Ariz. R.P. Juv. Ct. 103(A); *Pima Cnty. Juv. Action No. S–933*, 135 Ariz. 278, 280, 660 P.2d 1205, 1207 (1982). However, "[n]either the rules nor the statute define a final order for purposes of appeal." *Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 513, ¶ 2, 1 P.3d 155, 156 (App.2000). The disposition order is a final order in a delinquency action. *Maricopa Cnty. Juv. Action No. J–74222*, 20 Ariz.App. 570, 571, 514 P.2d 741, 742 (1973). The courts of this state have not addressed what constitutes a final, appealable order in delinquency cases involving sex offender registration requirements imposed long after the disposition order.

■ ¶ 12 We conclude that both the disposition order and a later order requiring sex offender registration will generally be final, appealable orders. We base this conclusion on logic, practicality, and the goal of juvenile rehabilitation. We also find support by analogy in the holdings of our supreme court and this court that juvenile dependency cases may have more than one final, appealable order. For example, our supreme court not-

ed in *Yavapai County Juvenile Action No. J–8545*, 140 Ariz. 10, 13 n. 1, 680 P.2d 146, 149 n. 1 (1984), that "[i]n determining whether an order is final under [the Arizona Rules of Procedure for the Juvenile Court], we are not bound by the definition employed in determining if an order is final for the purposes of exercising general appellate jurisdiction." In that case, the court overruled precedent that there can be only one final order in dependency proceedings and held that each periodic review of a dependency determination is a separate, final order. *Id.* at 14, 680 P.2d at 150. The court concluded, "An order that disposes of an issue such that it conclusively defines the rights and/or duties of a party in a dependency proceeding in the juvenile court of this state . . . is a final order subject to appeal by an aggrieved party." *Id.* at 15, 680 P.2d at 151.

¶ 13 In the context of dependency proceedings, both this court and our supreme court have repeatedly held that there will be more than one "final order" subject to appeal. *See, e.g., id.* at 14, 680 P.2d at 150 (orders declaring children dependent and orders reaffirming findings that children are dependent are final orders); *Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 45–46, ¶ 9, 127 P.3d 59, 61–62 (App.2006) (both the dependency adjudication order and the disposition order awarding custody of a dependent child are appealable orders, as are any subsequent orders reaffirming a child's dependent status and ratifying or changing a child's placement); *Maricopa Cnty. Juv. Action No. JD–5312*, 178 Ariz. 372, 374, 873 P.2d 710, 712 (App.1994) (an order terminating a parent's visitation rights is a final order).

¶ 14 Likewise, we believe there is more than one "final order" when the juvenile court enters a final disposition but defers the issue of sex offender registration. In this case, the final disposition conclusively determined that Juvenile would be committed to the ADJC. That disposition was a final, appealable order. The issue of sex offender registration is an entirely separate matter

that was not conclusively resolved until the court entered the order at issue here. Because the order requiring sex offender registration conclusively defined Juvenile's duty to register until age twenty-five and Juvenile could not have appealed that determination from any other order in this case, the registration order must also be a separate, final order. To hold otherwise would mean the Juvenile would never be able to obtain appellate review from an order addressing a critical determination.

¶ 15 Our conclusion is further supported by "the rehabilitative purpose of juvenile courts, and the goal of protecting and promoting the best interests of juveniles." *In re Stephanie N.*, 210 Ariz. 317, 320 n. 3, ¶ 20, 110 P.3d 1280, 1283 n. 3 (App.2005) (internal citation omitted). We recognized in *In re Nickolas T.*, 223 Ariz. 403, 406, ¶ 10, 224 P.3d 219, 222 (App.2010), that the legislature has given juvenile courts considerable discretion in determining whether to require a juvenile to register as a sex offender. And we noted that in exercising its discretion, the court may evaluate the juvenile over time and determine if the juvenile has been sufficiently rehabilitated and whether "it would be unjustifiably damaging to the juvenile to require him or her to register as a sex offender when the justification for such an obligation no longer exists." *Id.* at ¶ 11. To fulfill its rehabilitative purpose and goals of protecting and promoting the best interests of the juvenile, the juvenile court in many instances should be allowed an opportunity to observe the juvenile over time before making a decision with such significant consequences.[1] Given the interests involved, we find justice and fairness compel us to conclude that an order to register as a sex offender is appealable even when it has been entered long after the disposition order.

■ ¶ 16 Therefore, we hold that a post-adjudication, post-disposition order requiring a juvenile to register as a sex offender until the age of twenty-five constitutes a final or-

---

1. In the context of adult sex offender registration, our supreme court has observed that "sex offender status has significant and far-reaching consequences." *State v. Stummer*, 219 Ariz. 137, 144 n. 7, ¶ 23, 194 P.3d 1043, 1050 n. 7 (2008);

*see also Fushek v. State*, 218 Ariz. 285, 292–93, ¶ 30, 183 P.3d 536, 543–44 (2008) (holding that sex offender registration is a sufficiently severe consequence so as to require a jury trial in misdemeanor cases involving sexual motivation).

der for purposes of appeal. Thus, Juvenile's appeal from the order that he register as a sex offender is an appeal from a final order and we have jurisdiction pursuant to A.R.S. § 8–235.A.

### Sufficiency of the Evidence

¶ 17 Juvenile contends the court abused its discretion in ordering Juvenile to register as a sex offender because it failed to weigh the public safety purpose of registration against the potentially substantial effect registration will have on Juvenile's future. This court will not disturb the juvenile court's order requiring a juvenile to register as a sex offender unless the court abused its discretion. *In re Sean M.*, 189 Ariz. 323, 324, 942 P.2d 482, 483 (App.1997).

¶ 18 The juvenile court may require a juvenile who has been adjudicated delinquent under A.R.S. § 13–3821.A or C to register as a sex offender until age twenty-five. A.R.S. § 13–3821.D (Supp. 2011). Section 13–3821 does not direct the court to consider any specific factors before making its determination on whether to order a juvenile to register.

¶ 19 Juvenile cites *State v. Davis*, 226 Ariz. 97, 103, ¶ 23, 244 P.3d 101, 107 (App. 2010), in support of his contention that the juvenile court is required to consider and balance both the public safety purpose of sex offender registration and the potential substantial effect the registration requirement would have on his life. However, we do not read *Davis* as necessarily requiring that the court engage in such balancing before ordering a juvenile to register as a sex offender. In reviewing the trial court's order under an abuse of discretion standard, the *Davis* court was merely noting that the trial court's decision was not arbitrary because it balanced the public safety purpose of registration and the potential effect registration would have on the defendant's life. *Id.*

¶ 20 More significantly, we find sufficient evidence supports the juvenile court's decision here. The court evaluated Juvenile over the course of two years before ordering him to register as a sex offender. The court reviewed the juvenile probation officer's most current information report, the court file, and the probation file, including the psychological evaluation that was performed in October 2011. The evaluation noted that Juvenile was progressing in his treatment but had further work to do and suggested that Juvenile be subject to specialized probation conditions limiting his contact with young children to prevent opportunities to re-offend. At the status hearing, the probation officer recommended that Juvenile register as a sex offender for "community safety" reasons. This evidence supports the juvenile court's decision. We find no abuse of discretion.

### CONCLUSION

¶ 21 For the reasons stated above, we find we have jurisdiction to review the order that Juvenile register as a sex offender. Also, we affirm the juvenile court's order that Juvenile register as a sex offender until age twenty-five.

CONCURRING: PHILIP HALL, and JOHN C. GEMMILL, Judges.