NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE: RICHARD M.

No. 1 CA-JV 14-0128
FILED 10-14-2014

---

Appeal from the Superior Court in Maricopa County
No.  JV181735
The Honorable Utiki Spurling Laing, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Appellee*

Maricopa County Public Advocate, Phoenix
By Terri Zimmerman
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

---

**B R O W N**, Judge:

¶1         Richard M. appeals the juvenile court's order requiring him to register as a sex offender. Because we find no abuse of discretion, we affirm.

## BACKGROUND

¶2         In two separate instances during February 2011, when he was age fifteen, Richard was caught exposing himself and masturbating in the presence of women. Richard pled delinquent to two counts of indecent exposure, class 1 misdemeanors, and one count of assault, a class 3 misdemeanor, arising from an unrelated incident. The plea agreement also incorporated Arizona Revised Statutes ("A.R.S.") section 13-3821(D), which gives the juvenile court discretion to order sex offender registration for juveniles who have committed certain enumerated crimes.

¶3         At the disposition hearing in May 2011, the juvenile court placed Richard on probation and ordered him to adhere to standard and sex offender conditions of probation. The court deferred a decision as to whether Richard would be required to register as a sex offender.

¶4         Due to a probation violation, Richard was placed in the physical custody of Youth Development Institute ("YDI") in July 2011 and remained there until he was released to the custody of his mother in August 2013. The YDI discharge report stated that Richard was being discharged because he had received "maximum benefit from the treatment program," but needed to "receive support" during his transition home. According to his probation officer, Richard was released from YDI because he was no longer making progress in his treatment. In addition to the standard and sex offender probation terms, Richard was required to continue treatment at an outpatient facility called Resolution Group.

¶5         Just one month into his treatment at Resolution Group, Richard was discharged from the program for refusing to attend group sessions and failing to actively participate in treatment. Richard's

probation officer filed a petition to revoke probation and a juvenile referral outlining multiple violations of the standard and sex offender probation terms, including failure to return home, failure to report to his surveillance officer, and failure to remain in sex offender treatment. The court issued a warrant and Richard was detained in September 2013. At the advisory hearing, Richard admitted to one count of the probation violation petition and the remaining four counts were dismissed. The court set a disposition hearing for October 2013 to address Richard's future placement and services.

¶6            In preparation for the October hearing, Richard underwent a psychosexual evaluation. The evaluating psychologist reported that Richard's risk to reoffend sexually was "moderate," that he continued to struggle with substance abuse and compulsive behaviors, and that Richard's prior treatment had been a "partial success." The psychologist concluded that, given the limited amount of time before Richard turned eighteen, Richard would be best served by placement in the Arizona Department of Juvenile Corrections ("ADOJC"), which could service Richard's complex social, behavioral, and psychological needs better than a facility with less structure.

¶7            Richard's probation officer also acknowledged that ADOJC would be the best placement for Richard because the facility could address as many of Richard's needs as possible, including substance abuse treatment and sex offender treatment, in a short amount of time. Upon recommendation from Richard's probation officer and psychologist, the juvenile court ordered that Richard be committed to ADOJC. The court also set a status hearing for April 2014 to consider the issue of sex offender registration.

¶8            Prior to the April 2014 status hearing, ADOJC psychologists submitted a progress report to the juvenile court evaluating Richard's psychological functioning and rehabilitation treatment progress, and identifying any risk factors. Because Richard's evaluation results indicated that Richard was a high risk to reoffend sexually, the psychologists recommended that Richard be required to register as a sex offender. Richard's probation officer also produced Richard's Most Current Information Report ("MCI") in which the probation officer and ADOJC recommended that Richard be required to register as a sex offender. The MCI also reported that Richard had "not been successful" at ADOJC.

¶9            After considering the MCI, the psychological progress report, arguments of counsel, and statements from Richard and his mother, the

juvenile court ordered that Richard register as a sex offender upon discharge from ADOJC. In its minute entry ordering registration, the court expressed concern that Richard had failed to successfully complete two prior placements and, according to the ADOJC progress report, still had not developed a relapse prevention plan. Richard timely appealed from the order requiring sex offender registration.

## DISCUSSION

**¶10** We review a court order requiring registration as a sex offender for abuse of discretion. *In re Sean M.*, 189 Ariz. 323, 324, 942 P.2d 482, 483 (App. 1997). A court abuses its discretion only where "the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice." *State v. Davis,* 226 Ariz. 97, 102-03, ¶ 23, 244 P.3d 101, 106-07 (App. 2010) (internal quotation omitted).

**¶11** Richard acknowledges that pursuant to A.R.S. § 13-3821(D), the juvenile court had the discretion to require him to register as a sex offender until age twenty-five. Richard contends, however, that (1) the court abused its discretion by failing to balance the public safety purpose of registration against the potential effect that registration could have on his future, and (2) even if this court presumes the juvenile court engaged in such balancing, the record does not support such a presumption. Richard cites *Davis* in support of these contentions. However, as this court explained in *In re Javier B.*, 230 Ariz. 100, 104, ¶ 19, 280 P.3d 644, 648 (App. 2012), *Davis* did not hold that a court must engage in any specific balancing before ordering a juvenile to register as a sex offender. Nor does the plain language of A.R.S. § 13-3821(D) require a court to consider any particular factors when determining whether to order a juvenile to register.

**¶12** Although balancing is not required, the record here indicates that the juvenile court weighed the public safety purpose against the potential effects of registration on Richard's life. The court explicitly acknowledged "the hardship that registration may place" on Richard, but also expressed serious concern about his lack of effort to fully comply with treatment while in ADOJC.

**¶13** Richard also argues that the juvenile court erred because he "became successfully rehabilitated as a sex offender." Specifically, Richard takes issue with the court's finding that he failed to successfully complete treatment at two prior placements because he did complete two years treatment at YDI, his first placement facility. However, his probation officer stated that Richard was discharged from YDI because he was no longer

making progress. The discharge report from YDI indicates that Richard had received maximum benefit from the program, but would require continued treatment after discharge, support during his transition into the community, and a revised relapse prevention plan. Richard also failed to successfully complete treatment at his second placement, Resolution Group, as he was discharged after one month for "failing to be an active participant in the treatment program." In a September 2013 evaluation, a psychologist concluded that Richard's prior treatments had been only partially successful. Thus, the court did not err in finding that Richard had unsuccessfully completed treatment.

¶14　　　　Finally, Richard argues that his commitment to ADOJC was a "[set up] for failure" because it would have been impossible for him to successfully complete the program before he turned eighteen. However, Richard was committed to ADOJC because he had failed to adhere to the terms of his probation, including his required treatment program at Resolution Group. Richard's evaluating psychologist and probation officer both acknowledged the short window of opportunity for Richard to receive treatment, but each concluded that ADOJC was the best of the available options. Rather than demonstrating full commitment to achieving successful treatment during his limited time at ADOJC, Richard accrued thirty-seven incident reports arising out of a variety of defiant behaviors throughout his placement.

¶15　　　　The totality of the record supports the juvenile court's decision. While Richard has not committed any additional sexual offenses, his treatment providers repeatedly noted his unwillingness to participate fully in required treatment programs. Richard was discharged from his outpatient treatment at Resolution Group for failure to participate. The April 2014 ADOJC progress report found that Richard continued to display attitudes supportive of sexual offending, interpersonal aggression, and impulsivity. That report recommended to the court that Richard be required to register because ADOJC psychologists found that he remained at a high risk to reoffend sexually. Based on these considerations, the juvenile court properly acted within its discretion in requiring sex offender registration.

**CONCLUSION**

¶16      We affirm the juvenile court's order requiring Richard to register as a sex offender until the age of twenty-five.



Ruth A. Willingham · Clerk of the Court
FILED: gsh