NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE JERAY M.

No. 1 CA-JV 20-0054
FILED 10-29-2020

Appeal from the Superior Court in Maricopa County
No. JV 201447
The Honorable Joshua Yost, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Aaron Jason Max
*Counsel for Appellant*

Maricopa County Attorneys' Office, Phoenix
By Daniel Strange
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1　　　　Jeray M. appeals the juvenile court's order requiring him to register as a sex offender until age 25. Finding no abuse of discretion, we affirm.

## BACKGROUND

¶2　　　　In February 2017, the State filed a petition alleging that Jeray, age 14 at the time of the offenses, committed two counts of child molestation. As part of a plea agreement, Jeray admitted to one count of attempted molestation of a child, in exchange for dismissal of the remaining count, and agreed the juvenile court would determine the consequences of the offense, including rules of probation and sex offender registration. The court accepted the plea and placed Jeray on supervised probation with various conditions, including participation in and completion of treatment. The court deferred the question of whether sex offender registration would be required.

¶3　　　　In May 2018, the juvenile probation department filed a petition alleging Jeray violated his probation by failing to complete court-ordered treatment after being unsuccessfully discharged from Grossman & Grossman due to lack of progress and treatment violations. The juvenile court dismissed the petition and allowed Jeray to continue on probation with the condition that he participate in and successfully complete a treatment program with a different provider, U-Turn.

¶4　　　　A year later, in October 2019, his probation officer indicated that Jeray had "made strides" in his current placement at U-Turn. In February 2020, just a few days before Jeray's 18th birthday, the juvenile court held a status hearing to determine whether he should be required to register as a sex offender.

2

**¶5** Before the hearing, Dr. Blumeyer, a psychologist, created a risk assessment report.[1] As part of the risk assessment, Jeray was asked to answer approximately 500 written questions. Blumeyer noted that "[d]ue to concerns about Jeray's reading level, dyslexia, and IQ[,] his assessment results should be reviewed with great caution as these factors may impact his testing results. He did ask for clarification on test items that he needed assistance with." (Emphasis omitted.) She based her report on the risk assessment completed and other information provided, including Jeray's sexual history. Blumeyer determined he was a moderate risk to reoffend and there were "significant concerns about his ability to implement what he has learned in the treatment." She recommended Jeray be required to register as a sex offender.

**¶6** At the hearing, Jeray's probation officer explained that Jeray was improving, but he was not at the level he should have been given the length of treatment. She expressed concerns with Jeray's continued viewing of pornography and felt that if Jeray had been more forthcoming earlier on, the conversation would be different. Based on the circumstances, she recommended he register as a sex offender. Jeray's U-Turn therapist did not necessarily support registration, indicating she would rather see Jeray provided with significant support and continuing supervision.

**¶7** Jeray admitted to having some setbacks on probation. He outlined his plan for applying for jobs and helping around the house to keep busy and thereby avoid watching pornography. He expressed that he struggled with the risk assessment because it was a lot of reading and he did not always understand what was asked. Jeray's mother also highlighted concerns with the risk assessment because Jeray is on an individualized education plan in school, which provides assistance in reading. Jeray also spoke about helping others in the U-Turn program, participating in art shows for school, and successes he had while on probation.

**¶8** The State argued that even after sex offender treatment, Jeray was a moderate risk to reoffend. The State's primary concerns were that Jeray had no support system and he continued viewing pornography. Jeray's attorney countered that Jeray "is dealing with a great amount of illiteracy" making it nearly impossible for him to get the required treatment

---

[1] Although the risk assessment report, as part of the juvenile court's "social file," is presumptively confidential and withheld from public inspection, we find it necessary to reference portions of the report in this memorandum decision. *See* Ariz. R.P. Juv. Ct. 19(A)(2).

he needs, because most treatment plans require functional literacy. Jeray's attorney argued that as a rehabilitative court, requiring Jeray to register as a sex offender would be fundamentally unfair.

**¶9** The juvenile court explained that although Jeray had a plan for moving forward and those at the hearing shared ideas of what would happen, Jeray had been on probation for two and a half years, continued to "play the victim," and failed to recognize the impact his actions had on others. Noting Blumeyer's report and her diagnosis of Jeray's conduct disorder, the court reasoned that Jeray was still a risk to the community. The court therefore ordered that Jeray register as a sex offender until the age of 25, but did not impose community notification. Jeray filed a timely notice of appeal.

## DISCUSSION

**¶10** The juvenile court may require a juvenile who has been found delinquent of certain sexual-misconduct offenses to register as a sex offender until the age of 25. A.R.S. § 13-3821(D). We will not disturb the court's order requiring registration unless the court abused its discretion. *In re Javier B.*, 230 Ariz. 100, 104, ¶ 17 (App. 2012). In *Javier B.*, we rejected the argument that a juvenile court "is required to consider and balance both the public safety purpose of sex offender registration and the potential substantial effect the registration requirement would have on" the juvenile. *Id*. at ¶ 19.

**¶11** Jeray contends the juvenile court abused its discretion in failing to consider the lack of violations while on probation and his low level of literacy and intellectual functioning. But § 13-3821(D) "does not direct the court to consider any specific factors" in determining whether to order registration. *Javier B.*, 230 Ariz. at 104, ¶ 18. Rather, the court has broad discretion to determine if registration is appropriate. *See State v. Davis*, 226 Ariz. 97, 102, ¶ 23 (App. 2010).

**¶12** Jeray argues that lack of a formal probation violation is indicative of success on probation. Although Jeray did not commit any new sexual offenses, he repeatedly made delayed disclosures and struggled with being forthcoming and honest while in treatment. Jeray was unsuccessfully discharged from his initial treatment for lack of progress and treatment violations. Within months of the status hearing for the issue of registration, Jeray continued to view pornography, engage in sexual contact with peers, and other unacceptable behaviors. Thus, the court did not err in finding that Jeray had unsuccessfully completed treatment.

¶13 Jeray also argues the juvenile court's finding that he did not internalize treatment failed to consider his struggles with literacy and low intellectual functioning. Although the record shows numerous mentions of Jeray's literacy challenges, nothing in the record indicates they inhibited his ability to participate in treatment or otherwise affected his ability to "tak[e][] seriously" the treatment. And Blumeyer recommended that Jeray be required to register even after explicitly considering his literacy challenges. Thus, the juvenile court acted within its broad discretion in requiring sex offender registration.

## CONCLUSION

¶14 We affirm the juvenile court's order.



AMY M. WOOD • Clerk of the Court
FILED: AA