NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE DELINQUENCY OF C.R.

No. 1 CA-JV 24-0067

FILED 09-24-2024

Appeal from the Superior Court in Navajo County
No. S0900JV202200160
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Myles A. Braccio
*Counsel for Appellee*

The Riggs Law Firm, P.L.L.C., Pinetop
By Brett R. Rigg
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which
Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe
joined.

**P E R K I N S**, Judge:

¶1 Caleb appeals the juvenile court's order requiring him to register as a sex offender until he is twenty-five. We use a pseudonym to protect the juvenile's identity. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Sometime between June and August 2022, seventeen-year-old Caleb molested his autistic seven-year-old female cousin while they were alone at their grandparents' house. In September 2022, Caleb pled delinquent to one count of attempted molestation of a child under fifteen, a class 3 felony if committed by an adult. The court postponed disposition until Caleb could undergo a psychosexual evaluation.

¶3 In November 2022, Caleb completed a psychosexual evaluation, which revealed he had previously engaged in sexual misconduct with his two younger half-sisters, despite parental intervention and counseling. At his December 2022 disposition hearing, the court ordered Caleb into inpatient treatment, put him on intensive probation and sex offender probation, and ordered Caleb to participate in a sex offender treatment program. The court deferred the issue of sex offender registration until Caleb was further into his treatment programs.

¶4 In January 2024, Caleb underwent a second psychosexual evaluation. His updated evaluation showed minimal progress. Caleb had difficulty retaining and applying the skills he was learning in treatment, was struggling to identify his impact on his victims, and had continuing deviant sexual interests in some areas. Despite these findings, the examining psychologist concluded that Caleb was at a low to moderate risk of recidivism and had no sexual interest in children. The psychologist noted that Caleb could likely complete treatment before his nineteenth birthday and recommended against sex offender registration.

¶5 Based on this evidence and after hearing argument from counsel, the juvenile court ordered sex-offender registration for Caleb. The juvenile court was particularly concerned about Caleb's minimal progress and lack of engagement in treatment; multiple victims; lack of empathy towards his victims; and his fast-approaching nineteenth birthday, which would deprive the court of its jurisdiction. The court was also troubled that Caleb was concerned about where his mind wanders when left alone, and that his given reason for the offenses was "because the children were there" and "easy to get to." Citing public safety concerns and continuing barriers

to treatment, the court ordered registration until age twenty-five based on the totality of the circumstances. An order requiring sex offender registration for a juvenile is a final, appealable order. *In re Javier B.*, 230 Ariz. 100, 102, ¶¶ 11–12 (App. 2012). We have jurisdiction. A.R.S. § 8-235(A).

## DISCUSSION

**¶6** The juvenile court may require a juvenile who has been found delinquent of certain offenses, including attempted child molestation, to register as a sex offender until age twenty-five. A.R.S. § 13-3821(A)(7), (D). We review a juvenile court's order requiring a juvenile to register as a sex offender for an abuse of discretion. *In re Javier B.*, 230 Ariz. at 104, ¶ 17. A court abuses its discretion if its order is "characterized by capriciousness, arbitrariness or by failure to conduct an adequate investigation into facts necessary for an intelligent exercise of the court's sentencing power." *State v. Grier*, 146 Ariz. 511, 515 (1985). We review facts in the light most favorable to sustaining the juvenile court's order. *In re Amber S.*, 225 Ariz. 364, 366–67, ¶ 6 (App. 2010).

## I. Registration

**¶7** Caleb contends the court failed to state a compelling reason justice required him to register as a sex offender. He first argues registration was not necessary to put the community on notice because his report indicates he is at a low risk to reoffend and is not sexually interested in children. But despite his lack of sexual interest in children, Caleb already had multiple victims and he stated the incidents occurred merely because the children were available to him.

**¶8** Caleb next argues the court put too much weight on his "single statement" about being left alone with his thoughts, and that the court ordered registration merely to punish him for his lack of empathy and sexual thoughts. But the court did not consider this one statement in isolation. Its decision encompassed several concerning statements Caleb made; the results of his psychosexual evaluations; his monthly treatment updates; his multiple victims; and the short timeframe before Caleb left the court's jurisdiction.

**¶9** Caleb also contends the court failed to consider the harmful effect registration could have on his future. A juvenile court may—but is not obligated to—consider the effect registration could have on a juvenile's future. *In re Javier B.*, 230 Ariz. at 104, ¶ 19. And "A.R.S. § 13-3821 does not direct the court to consider any specific factors before making its determination on whether to order a juvenile to register." *Id.* at ¶ 18. The

effect of sex offender registration on a juvenile's future is but one factor a court may assess in exercising its broad discretion to impose sentences within statutory limits. *See State v. Davis*, 226 Ariz. 97, 102, ¶ 23 (App. 2010).

**¶10** Sufficient evidence in the record supports the court's decision. The court did not abuse its discretion in ordering Caleb to register as a sex offender.

## II. Timing and Due Process

**¶11** For the first time on appeal, Caleb argues the juvenile court violated his due process rights by waiting over a year between adjudication and final disposition. We review issues raised for the first time on appeal for fundamental error. *See In re Natalie Z.*, 214 Ariz. 452, 455, ¶ 7 (App. 2007). Caleb has failed to develop an argument on fundamental error, which ordinarily effects a waiver. *State v. Moreno-Medrano*, 218 Ariz. 349, 354, ¶ 17 (App. 2008). But this court may exercise its discretion to address constitutional arguments raised for the first time on appeal. *Marco C. v. Sean C.*, 218 Ariz. 216, 219, ¶ 6 (App. 2008). We elect to do so here.

**¶12** "The juvenile court has the discretion to modify a juvenile's disposition according to the juvenile's evolving needs and situation. However, that jurisdiction must be exercised in accordance with due process standards." *In re Richard M.*, 196 Ariz. 84, 86–87, ¶ 11 (App. 1999) (cleaned up). Procedural due process requires notice and the opportunity to be heard at a meaningful time and in a meaningful manner. *McClung v. Bennett*, 225 Ariz. 154, 156, ¶ 8 (2010).

**¶13** Here, Caleb had ample notice that the court might order him to register as a sex offender, and that the decision depended on his progress with treatment. Before accepting Caleb's plea agreement, the juvenile court warned Caleb that registration was a potential consequence of the plea. The court warned him of the same again at the initial disposition hearing when the judge stated, "Under the juvenile law . . . you can be required to register until you're 25. The Court is going to wait to make that determination until I see how well you've done in treatment." The court also held several review hearings and received monthly treatment updates. Caleb offers no evidence that he lacked the opportunity to be heard.

**¶14** Caleb contends it was unfair for the court to defer its registration decision because doing so allowed the court to consider evidence unavailable at the time of disposition. But a juvenile court can defer its decision to add a juvenile to the sex offender registry to evaluate the juvenile over time and determine whether the juvenile has been

sufficiently rehabilitated. *See In re Javier B.*, 230 Ariz. at 103, ¶ 15. Rather than working an unfairness, this deferred process fulfills the rehabilitative purpose of the juvenile court and promotes the best interests of the juvenile. *Id.* The juvenile court's decision to defer requiring Caleb to register as a sex offender was not fundamentally unfair.

**CONCLUSION**

¶15        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV