NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE DELINQUENCY OF M.S.

No. 1 CA-JV 25-0076

FILED 11-14-2025

Appeal from the Superior Court in Navajo County
Nos. SO900JV202300174, SO900JV202300261
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

The Rigg Law Firm, PLLC, Pinetop
By Brett R. Rigg
*Counsel for Appellant*

Navajo County Attorney's Office, Holbrook
By Myles A. Braccio
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

¶1          M.S appeals the superior court's order requiring him to register as a sex offender until he turns 25 (in 2035). For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In September 2023, the State filed a delinquency petition alleging M.S. committed kidnapping, three counts of child molestation, two counts of furnishing harmful items to minors, and theft. M.S. pleaded delinquent to one count of child molestation. The court accepted the plea and adjudicated M.S. delinquent on that basis, dismissing the other counts with prejudice.

¶3          In December 2023, following a separate incident involving a different victim, the State filed another delinquency petition alleging M.S. committed two counts of sexual conduct with a minor and two counts of child molestation. M.S. pleaded delinquent to one count of child molestation. The court accepted this second plea and similarly adjudicated M.S. delinquent on that basis, dismissing the other counts with prejudice.

¶4          At a consolidated disposition hearing, the court placed M.S. on 24-months' intensive probation with treatment in a juvenile inpatient facility. The court also ordered sex offender terms and ordered M.S. to register as a sex offender until age 25, but agreed to consider waiving the registration requirement if he successfully completed probation, including treatment.

¶5          In April 2025, the State petitioned to revoke and terminate M.S.'s intensive probation in both matters. M.S. admitted he violated a condition of his probation by being removed from the treatment facility based on his failure to comply with the treatment rules and terms of probation. The court accepted his admission, revoked the probation grants, and set another disposition hearing.

**¶6** At the second disposition hearing, the court reinstated intensive probation with treatment in an inpatient facility and declined to waive the registration requirement previously imposed in December 2023. Thus, M.S. was required to register as a sex offender until age 25. M.S. timely appealed, and we have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

**¶7** M.S. argues the court erred by ordering him to register as a sex offender, asserting that the court lacked an adequate evidentiary basis and that the court violated M.S.'s due process rights by doing so without an updated psychological evaluation and without timely providing defense counsel an advance copy of the disposition report. Because M.S. did not object on these bases in superior court, we review only for fundamental, prejudicial error. *See In re Natalie Z.*, 214 Ariz. 452, 455, ¶ 7 (App. 2007); *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).

**¶8** The superior court may require a juvenile adjudicated delinquent of certain offenses, including child molestation, to register as a sex offender until age 25. A.R.S. § 13-3821(A)(7), (D). We review a registration order for an abuse of discretion, viewing the facts in the light most favorable to sustaining the ruling. *See In re Javier B.*, 230 Ariz. 100, 104, ¶ 17 (App. 2012); *In re Amber S.*, 225 Ariz. 364, 366–67, ¶ 6 (App. 2010). An abuse of discretion may be established if the court's order is "characterized by capriciousness, arbitrariness or by failure to conduct an adequate investigation into facts necessary for an intelligent exercise of the court's sentencing power." *State v. Grier*, 146 Ariz. 511, 515 (1985). We review due process claims de novo, *Jeff D. v. Dep't of Child Safety*, 239 Ariz. 205, 207, ¶ 6 (App. 2016), assessing whether the party received adequate notice and the opportunity to be heard at a meaningful time and in a meaningful manner, *McClung v. Bennett*, 225 Ariz. 154, 156, ¶ 8 (2010).

**¶9** M.S. first contends the superior court failed to explain adequately the basis for ordering him to register as a sex offender at the second disposition hearing (after his probation violation), and that such a basis was not established. But M.S.'s argument is grounded on a faulty premise: the court imposed the registration requirement at the first disposition hearing, not the second.

**¶10** At the first disposition hearing, the court had an ample basis for ordering sex-offender registration, and did so, albeit with an expressed intent to waive the requirement if M.S. successfully completed probation, including treatment. Before ordering registration at the first disposition,

the court considered the disposition report, the psychosexual evaluation, and the statements from the victim representative, the parents of the juvenile, and both counsel. The evidence presented reflected a concern that M.S. was not committed to change his behavior given his reluctance to follow rules and his escalating behavioral incidents.

¶11 Based on this information, and after hearing argument from counsel in the first disposition, the court ordered sex-offender registration until M.S. turned 25, noting the psychosexual evaluation suggested a "fairly high" risk of reoffending that was "certainly concerning." M.S. had an opportunity to appeal from that ruling but did not do so.

¶12 Given the court's prior order for registration, the decision before the court at the second disposition (after M.S.'s probation violation) was *not* whether to order registration, but whether M.S. had fulfilled the conditions previously imposed for *forgoing* the registration requirement. In light of M.S.'s struggles in treatment and his admitted probation violation—all of which the court considered, along with the updated disposition report—the court did not err by affirming its prior order that M.S. register as a sex offender until age 25.

¶13 M.S. further contends that the court should have ordered and considered an updated psychological evaluation before imposing the registration requirement. But the order in place after the first disposition (at which the court *did* consider a psychosexual evaluation) gave M.S. sufficient notice that sex-offender registration was in play and that the court's decision to forgo the previously ordered registration depended on his progress on probation. While the court at the second disposition noted that an updated psychosexual report might be "beneficial," the court was not required to consider that or any other specific factors in determining whether to mandate registration. *See Javier B.*, 230 Ariz. at 104, ¶ 18 ("Section 13-3821 does not direct the court to consider any specific factors before making its determination on whether to order a juvenile to register.").

¶14 Finally, although defense counsel did not see the disposition report until the time set for the disposition hearing, it was available to counsel three days in advance. Moreover, the court printed a copy and took a recess to allow M.S. to review and discuss the report privately, telling M.S. to "call back in" when he was ready to proceed. M.S. did not object, request more time, or highlight any unforeseen information that required further review. Accordingly, M.S. has shown no error.

## CONCLUSION

¶15            We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR