942 P.2d 482

**In re SEAN M.**

**No. 1 CA–JV 96–0229.**

Court of Appeals of Arizona, Division 1, Department E.

July 24, 1997.

Dean W. Trebesch, Maricopa County Public Defender by Susan G. White, Deputy Public Defender, Mesa, for Appellant.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, for Appellee.

## OPINION

PATTERSON, Judge.

### FACTS AND PROCEDURAL HISTORY

Sean M. (Appellant), a juvenile, was adjudicated delinquent of attempted child molestation in violation of Ariz.Rev.Stat. Ann. (A.R.S.) sections 13–1410 (Supp.1996) and 13–1001 (1989). At his hearing, Appellant admitted that he removed his trousers and attempted to initiate sexual intercourse with a five-year-old girl, but was stopped by the girl's father. The juvenile court placed Appellant on probation and ordered him, *inter alia*, to register as a sex offender and undergo DNA testing. Appellant now appeals those two conditions of probation. We have jurisdiction pursuant to A.R.S. sections 12–120.21(A)(1) (1992) and 12–2101(B) (1994).

### DISCUSSION

#### A. Standard of Review

■ It is within the juvenile court's discretion to determine the disposition of a juvenile following an adjudication of delinquency and, absent clear abuse of discretion, we will not disturb that disposition. *Matter of Maricopa County Juvenile Action No. JV–503009*, 171 Ariz. 272, 274, 830 P.2d 484, 486 (App.1992).

#### B. Sex Offender Registration

■ Appellant first argues that the juvenile court acted beyond its statutory authority and abused its discretion when it ordered that he register as a sex offender for the purpose of notifying the community.

There are two statutory provisions relevant here under which a juvenile court may order sex offender registration. The first provides that a person who has been convicted of a violation or attempted violation of any of several enumerated sexual offenses, including molestation of a child, shall register as a sex offender. A.R.S. § 13–3821(A)(5) (Supp.1996). The second provides that the juvenile court may require a juvenile to register as a sex offender if that person has been adjudicated delinquent of an act that would constitute any offense specified in subsection A. A.R.S. § 13–3821(C) (Supp.1996). Appellant was adjudicated delinquent of attempted child molestation. Because child molestation is an offense enumerated in subsection A, the juvenile court had the authority to require Appellant's registration as a sex offender.

Appellant argues, however, that the juvenile court erred when it ordered sex offender registration for the purpose of notifying the community. As Appellant points out, the statute providing for community notification does not apply to juveniles. A.R.S. § 13–3825(H) (Supp.1996). The flaw in Appellant's argument, however, is that registration under the statute requested by the state does apply to juveniles. *See* A.R.S. § 13–3821(C).

While the judge in this case erroneously understood that the community would be notified upon Appellant's registration as a sex offender, she did not order Appellant's registration as a sex offender pursuant to the community notification statute. *See* A.R.S. § 13–3825. Rather, as the state requested, the judge ordered Appellant to register as a sex offender pursuant to section 13–3821. Because that statute provides for the registration of juveniles adjudicated delinquent of sexual offenses, the juvenile court was within its authority to order Appellant's registration as a sex offender notwithstanding any misunderstanding that the community would be notified. We find no abuse of discretion.

#### C. Deoxyribonucleic Acid (DNA) Testing

■ Appellant next argues that A.R.S.

sections 13–4438 (Supp.1996)[1] and 31–281 (1996)[2] do not allow for DNA testing of juveniles adjudicated delinquent of "attempted" sexual offenses. We disagree.

This court rejected a similar argument in *State v. Lammie,* 164 Ariz. 377, 793 P.2d 134 (App.1990). There, the issue was whether the requirement to register as a sex offender applied to persons who commit "attempted" sexual offenses, even though the controlling statute made no reference to attempted offenses. *Id.* at 378, 793 P.2d at 135. In *Lammie,* we discussed the distinction between attempted and completed offenses, and determined that an attempted offense cannot be committed isolated from the substantive offense. *Id.* at 379, 793 P.2d at 136. Indeed, we specifically recognized an "attempt" as being part of a completed offense. *Id.; but see State v. Tellez,* 165 Ariz. 381, 383, 799 P.2d 1, 3 (App.1989) (where charged preparatory offense of solicitation to sell narcotics required different mental state and different acts than substantive offense, preparatory offenses are separate and distinct from substantive offenses). We further determined that the requirement to register as a sex offender serves a distinct purpose, grounded in public policy, irrespective of whether the offense was attempted or completed. *Lammie,* 164 Ariz. at 379, 793 P.2d at 136. We concluded that persons convicted of certain sexual offenses, attempted or completed, are subject to sex offender registration requirements. *Id.*

Here, Appellant was adjudicated delinquent of attempted molestation of a child, one of the offenses enumerated in the DNA testing statutes. *See* A.R.S. §§ 13–4438 and 31–281. The juvenile court ordered DNA testing, notwithstanding that sections 13–4438 and 31–281—like the sex offender registration statute referenced in *Lammie*—do not distinguish between attempted and completed offenses. *See* A.R.S. §§ 13–4438(C) and 31–281(A). Attempted molestation of a

child carries the same mental state and elements as the completed offense. *See* A.R.S. §§ 13–1410 and 13–1001. The same policies supporting DNA testing for completed offenses apply to attempted offenses. DNA testing is consistent with the protection, treatment and guidance of children because it deters the juvenile from committing future sex offenses and assists police in the investigation of future crimes. *Juvenile Action Nos. JV–512600 & JV–512797,* 187 Ariz. 419, 425, 930 P.2d 496, 502 (App.1996).

As with sex offender registration in *Lammie,* we find no basis for distinguishing attempted from completed offenses in the context of DNA testing. Appellant was not adjudicated delinquent for committing the crime of attempt but for committing the crime of attempted molestation of a child. *See Lammie,* 164 Ariz. at 380–81, 793 P.2d at 137–38. No distinction exists between the attempted offense and the completed offense sufficient to warrant setting aside important public policy considerations, or to preclude DNA testing for those adjudicated delinquent of attempted sexual offenses.

■ Nor are we persuaded by Appellant's argument that, because the legislature (when it amended several sexual offense statutes in 1995) did not include attempted offenses within the DNA testing statutes but did include attempted offenses within the sex offender registration statute, it must have intended that sections 13–4438 and 31–281 would not apply to attempted offenses. In essence, Appellant asks that we conclude from the legislature's amendment to one statute that it intended the opposite result in another statute. We decline to interpret the amendment in question here so broadly. *See Lammie,* 164 Ariz. at 379, 793 P.2d at 136 ("a statutory amendment ought not to be interpreted so broadly as to destroy the entire objective of the statutory scheme").

1. A.R.S. section 13–4438(C) (Supp.1996) provides that when a person is "convicted or adjudicated delinquent of a sexual offense as provided in ... 13–1410 ... and is sentenced to a term of probation ..., a county probation department shall secure a blood sample sufficient for [DNA] testing and extraction."

2. A.R.S. section 31–281(A) (1996) provides that any person "convicted or adjudicated delinquent of a sexual offense as provided in ... 13–1410 ... shall submit to [DNA] testing for law enforcement identification purposes."

We interpret a statute according to the fair meaning of its provisions, and our interpretation must take into account and further the statute's underlying policies. *Id.* at 379, 793 P.2d at 136. As discussed above, DNA testing statutes further the protective and rehabilitative goals of the juvenile court. *JV–512600*, 187 Ariz. at 424, 930 P.2d at 501. In light of these factors, we conclude that the legislature's amendment to the sex offender registration statute had no effect on the DNA testing statutes. Accordingly, we hold that the requirement to submit to DNA testing applies to attempted as well as completed sexual offenses. Appellant is subject to that requirement.

## CONCLUSION

The juvenile court did not abuse its discretion by ordering Appellant to register as a sex offender and to undergo DNA testing.

The juvenile court correctly ordered sex offender registration pursuant to the statute governing registration of sex offenders, rather than the statute governing community notification. Furthermore, because the statute governing DNA testing applies to attempted as well as completed sexual offenses, Appellant is subject to the juvenile court's order to submit to DNA testing.

The disposition of the juvenile court is affirmed.

THOMPSON, P.J., and NOYES, J., concur.