FILED BY CLERK

FEB −3 2010

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|  |  |  |
|---|---|---|
| IN RE NICKOLAS T. | ) ) ) ) ) | 2 CA-JV 2009-0111<br>DEPARTMENT B<br><br>O P I N I O N |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. JV03000169

Honorable Ann Littrell, Judge

AFFIRMED

---

Edward G. Rheinheimer, Cochise County Attorney
  By Erin D. Bennett

Sierra Vista
Attorneys for State

Malanga Law Office
  By Rafael Malanga

Bisbee
Attorney for Minor

---

E C K E R S T R O M, Presiding Judge.

¶1     In this appeal, the State of Arizona challenges the juvenile court's order vacating its prior order that had required appellee Nickolas T. to register as a sex offender in connection with his 2003 delinquency adjudication for sexual assault. We affirm for the reasons stated below.

¶2     In July 2003, then eleven-year-old Nickolas T. was charged by delinquency petition with nine counts of different sexual acts with a minor and one count of threatening and intimidating. Nickolas was adjudicated delinquent after he entered into a plea agreement with appellant State of Arizona, pursuant to which he admitted he had committed sexual assault, and the other charges were dismissed. As part of its November 2003 disposition order, the juvenile court placed Nickolas on Juvenile Intensive Probation Supervision (JIPS), ordered him to obtain intensive in-patient treatment, and required him to register as a sex offender. Over the next several years, Nickolas was ordered to participate in a counseling program and polygraph testing about his sexual conduct. In April 2005, the state filed a petition to revoke probation. But in November 2005, the juvenile court released Nickolas from probation, finding he had been successful. The court set review hearings to determine whether Nickolas should continue to be required to register as a sex offender. It ordered a second psycho-sexual evaluation and granted Nickolas leave to request the registration requirement be terminated.

¶3     Three additional delinquency petitions were filed in August and September 2007. In January 2008, Nickolas admitted he had possessed spirituous liquor and drug paraphernalia. In March 2008, the juvenile court initially committed Nickolas to the Arizona Department of Juvenile Corrections (ADJC). But the same day the court

2

rescinded that order and placed him on JIPS. Probation was subsequently revoked, however, and Nickolas was committed to ADJC in July 2008 and released about a year later. Nickolas then filed a motion asking the court to vacate the order requiring him to register as a sex offender. The court granted the motion in October 2009, over the state's objection and after a hearing. On appeal, the state contends the juvenile court lacked the authority to terminate the registration requirement and that Nickolas must continue to register until he reaches the age of twenty-five.

¶4        We will not disturb a juvenile court's disposition order, including the decision whether to require a juvenile to register as a sex offender, absent an abuse of discretion. *See In re Sean M.*, 189 Ariz. 323, 324, 942 P.2d 482, 483 (App. 1997). "'An abuse of discretion includes an error of law.'" *State v. Gonzalez*, 216 Ariz. 11, ¶ 2, 162 P.3d 650, 651 (App. 2007), *quoting State v. Rubiano*, 214 Ariz. 184, ¶ 5, 150 P.3d 271, 272 (App. 2007). And questions regarding the meaning and application of statutes are questions of law, which we review de novo. *Bobby G. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 506, ¶ 1, 200 P.3d 1003, 1005 (App. 2008).

¶5        The state argues, based on traditional principles of statutory construction, the juvenile court lacked the authority to vacate its previous order and for that reason, abused its discretion. Asserting that specific statutes control general statutes, the state argues A.R.S. § 13-3821 is more specific than A.R.S. § 8-202(G), which addresses generally the juvenile court's authority to vacate orders pertaining to a juvenile over which the court has asserted jurisdiction before that juvenile reaches the age of eighteen, at which time the juvenile court no longer has jurisdiction of any juvenile. Section 13-

3

3821 "set[s] forth the limited circumstances under which the sexual offender registration requirement may be terminated." Section 13-3821(F) provides that a "duty to register under subsection D or E . . . for a juvenile adjudication terminates when the person reaches twenty-five years of age." Section 13-3821(D) provides the juvenile court may require a juvenile to register as a sex offender when the juvenile has been "adjudicated delinquent for an act that would constitute an offense specified in subsection A or C of this section." In contrast, subsection (A) requires a person convicted of certain specified offenses to register as a sex offender. § 13-3821(A).

¶6        "Our primary purpose in interpreting a statute is to determine and effectuate the legislature's intent, mindful that the best reflection of that intent is the plain language of the statute." *In re Martin M.*, 572 Ariz. Adv. Rep. 27, ¶ 6 (Ct. App. Dec. 21, 2009). When the plain meaning of the statute is clear and unambiguous, we do not apply principles of statutory construction to determine the legislature's intent. *State v. Christian*, 205 Ariz. 64, ¶ 6, 66 P.3d 1241, 1243 (2003). Section 13-3821 governs all sex-offender registrations. The state is correct that § 13-3821 is a more specific statute than § 8-202(G). The state is also correct that "[u]nder the principles of statutory construction, specific statutes control general statutes." *Save Our Valley Ass'n v. Ariz. Corp. Comm'n*, 216 Ariz. 216, ¶ 22, 165 P.3d 194, 199 (App. 2007). But there is no conflict between these two statutes, as the state suggests. Rather, they can be viewed as entirely consistent and in harmony with one another. *See State v. Flynt*, 199 Ariz. 92, ¶ 5, 13 P.3d 1209, 1211 (App. 2000) (appellate court obligated to construe statutes so they are harmonious with one another and consistent).

4

¶7        Based on the plain language of § 13-3821(A), a person convicted of certain offenses must register as a sex offender.  Subsection (C) of the statute specifies other circumstances in which a trial court may require a person convicted of a criminal offense to register as a sex offender.  § 13-3821(C).  Although neither of these two subsections uses the words, "adult prosecution," based on the clear language of these subsections, the legislature intended them to apply only to persons prosecuted and convicted as adults. Delinquency adjudications are not the same as convictions, *see In re Fernando C.*, 195 Ariz. 233, ¶ 5, 986 P.2d 901, 902 (App. 1999), and clearly they are not treated the same under this statute.  Subsection (D), by its express terms, pertains to juveniles who have been adjudicated delinquent, reflecting the legislature's express distinction between adults convicted of certain crimes and juveniles who have been adjudicated delinquent. § 13-3821(D).  Subsection (D) provides as follows:

> The court may require a person who has been adjudicated delinquent for an act that would constitute an offense specified in subsection A or C of this section to register pursuant to this section. Any duty to register under this subsection shall terminate when the person reaches twenty-five years of age.

*Id.   See Sean M.*, 189 Ariz. at 324, 942 P.2d at 483 (because juvenile adjudicated delinquent based on attempted child molestation, an offense specified in § 13-3821(A), juvenile court had authority to require juvenile to register as sex offender); *In re Maricopa County Juv. Action No. JV-132744*, 188 Ariz. 180, 181-82, 933 P.2d 1248, 1249-50 (App. 1996) (§ 13-3821 gives juvenile court discretion to require juvenile to

register as sex offender; finding statute not "an unconstitutional expansion of the juvenile court's jurisdiction").

**¶8** Reiterating the limitation imposed by subsection (D) that any registration requirement the juvenile court might impose on a juvenile cannot extend past the juvenile's twenty-fifth birthday, the legislature provided in subsection (F) that any duty to register imposed on a juvenile automatically "terminates when the person reaches twenty-five years of age." § 13-3821(D), (F). Subsection (G) provides that if a person has been convicted of an offense but was under the age of eighteen at the time he or she committed the offense, "on successful completion of probation" the trial court has the discretion to terminate that person's obligation to register as a sex offender. § 13-3821(G). A trial court does not otherwise have the discretion to terminate the registration requirement of a person convicted of a crime who is required to register as a sex offender.

**¶9** The state argues subsection (G) demonstrates the legislature knew how to give courts the authority to terminate a previously imposed order to register as a sex offender when it wanted to and, because it only did so in the circumstances identified in that subsection, the juvenile court lacks comparable authority. But the state overlooks that subsection (G) refers to persons convicted of an offense, that is, a person who has been prosecuted as an adult, not a juvenile who has been adjudicated delinquent. § 13-3821(G).

**¶10** Here, the legislature has given the juvenile court the discretion in the first instance to determine whether a juvenile offender should be required to register as a sex offender. In the absence of any legislative language suggesting otherwise, we can only

6

conclude the legislature has necessarily given the juvenile court discretion to determine later whether the need for that requirement persists under the circumstances of the individual case. Our conclusion is consistent with the juvenile court's general authority to remove conditions of probation and terminate orders before the juvenile's eighteenth birthday, pursuant to § 8-202(G), an authority that predated § 13-3821(D) and (F) and which the latter subsections neither contradict nor limit.

¶11 This understanding of the juvenile court's authority is also "consistent with the rehabilitative purpose of juvenile courts, and the goal of protecting and promoting the best interests of juveniles." *In re Stephanie N.*, 210 Ariz. 317, n.3, 110 P.3d 1280, 1283 n.3 (App. 2005) (citation omitted). The legislature repeatedly has acknowledged the distinction between adult criminal prosecutions and juvenile adjudications, treating the two differently and in a way that facilitates the rehabilitative purpose of the juvenile justice system. *See David G. v. Pollard ex rel. County of Pima*, 207 Ariz. 308, ¶ 21, 86 P.3d 364, 368 (2004) ("From the inception of the juvenile justice system, courts have recognized that juvenile cases involved special interests that could not be adequately addressed by the adult criminal system."); *State v. Bly*, 127 Ariz. 370, 371, 621 P.2d 279, 280 (1980) (public policy of Arizona's criminal justice system "to condemn, correct, or deter transgressions which harm either individual or public interests"). When, as here, a juvenile has committed a sexual offense, particularly a juvenile who was eleven years old when he committed the offense, there is the possibility that the juvenile will be rehabilitated. In expressly giving to the juvenile court the discretion to determine whether a juvenile should be required to register as a sex offender in the first instance, the

7

legislature has acknowledged the differences between the juvenile and adult justice systems and the distinction between child offenders and adults who commit sexual offenses.  Given those distinctions, we do not read the statute as divesting the juvenile court of that discretion once it has determined the juvenile must register.  Thus, the most logical interpretation of the statute, consistent with the approach to juvenile justice the legislature has expressed through § 8-202(G), is that the court may determine, in its discretion, if an eleven-year-old offender has been rehabilitated sufficiently such that the child is no longer a danger to society.  And, it is for the juvenile court to evaluate the juvenile over time and determine whether, too, it would be unjustifiably damaging to the juvenile to require him or her to register as a sex offender when the justification for such an obligation no longer exists.

¶12        The juvenile court had the statutory authority to require Nickolas to register as a sex offender, and it had the authority to terminate this requirement.  The state does not challenge whether the record supports the court's exercise of that discretion, insisting simply that it had no such discretion to exercise.  We note, summarily, that the record supports the juvenile court's determination that no purpose would be served by requiring

Nickolas, who committed the sexual offenses at the age of eleven, to continue to register as a sex offender. We therefore affirm the juvenile court's order.

_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Judge


_____
GARYE L. VÁSQUEZ, Judge