NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE TYLER D.

No. 1 CA-JV 16-0311
FILED 3-21-2017

Appeal from the Superior Court in Maricopa County
No. JV198212
The Honorable Alysson H. Abe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Law Offices of Kevin Breger, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Thomas Marquoit
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Michael J. Brown joined.

**C A T T A N I**, Judge:

¶1        Tyler D. timely appeals the superior court's order requiring him to register as a sex offender.  Tyler's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969), and *Maricopa County Juvenile Action No. JV-117258*, 163 Ariz. 484 (App. 1989), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  After reviewing the record for reversible error, *see State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In August 2014, Tyler pleaded delinquent to attempted molestation of a child.  The superior court placed Tyler on probation with sex offender treatment, but deferred sex offender registration.  Tyler later admitted to violating probation by failing to actively participate in sex offender treatment, apparently due to his father's interference, and the court ordered that Tyler be detained.

¶3        Approximately two weeks before Tyler's 18th birthday, the court held a review of status hearing to consider sex offender registration.  At the hearing, the court considered a psychosexual evaluation in which the reviewing psychologist offered no opinion as to whether registration was warranted.  The State recommended requiring registration because Tyler had not completed treatment.  The State acknowledged that Tyler had shown progress, but noted that Tyler had taken 20 months to progress approximately halfway through the treatment program, which was intended to last only 9 to 12 months.  Tyler's counsel opposed registration, noting that Tyler's initial risk level was only moderate and arguing that it was only Tyler's anger issues and impulsivity (not sex offender concerns) that had been slowing his progress in treatment.

¶4        The superior court ordered Tyler to register as a sex offender, and Tyler appeals from that order.

## DISCUSSION

¶5        We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none.

¶6        Tyler was present and represented by counsel at all stages of the proceedings regarding registration.  The record reflects that the superior

court afforded Tyler all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Procedure for the Juvenile Court.

¶7        Arizona Revised Statutes ("A.R.S.") § 13-3821(A)(7) and (D) grants the superior court discretion to order a juvenile adjudicated delinquent of attempted molestation of a child to register as a sex offender until age 25. *See also In re Nickolas T.*, 223 Ariz. 403, 406, ¶ 10 (App. 2010). Here, the court considered Tyler's psychosexual evaluation, his challenges and progress in treatment, as well as his failure to timely complete the treatment program, and the court's ruling that registration should be required was not an abuse of discretion.

## CONCLUSION

¶8        We affirm the superior court's order requiring Tyler to register as a sex offender.  We note, however, that the registration requirement remains in effect only until Tyler reaches 25 years of age.  *See* A.R.S. § 13-3821(D).  After the filing of this decision, defense counsel's obligations pertaining to Tyler's representation in this appeal will end after informing Tyler of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984); *see also* Ariz. R. P. Juv. Ct. 107(A).



AMY M. WOOD • Clerk of the Court
FILED:  AA