NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE LEONAUNCE T.

No. 1 CA-JV 18-0026
FILED 4-17-2018

Appeal from the Superior Court in Maricopa County
No. JV198671
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee*

Maricopa County Public Advocate's Office, Phoenix
By Mara J. Siegel
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1** Leonaunce T. ("Appellant") appeals the juvenile court's order requiring him to register as a sex offender. Appellant's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967); *State v. Leon*, 104 Ariz. 297 (1969); and *Maricopa Cty. Juv. Action No. JV-117258*, 163 Ariz. 484, 486 (App. 1989), stating she has searched the record on appeal and has found no arguable question of law. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error). We have appellate jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 8-235(A) (2014)[1] and Arizona Rules of Procedure for the Juvenile Court 103(A). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[2]

**¶2** On February 5, 2015, Appellant pleaded guilty to amended count 1, indecent exposure (minor under 15), a class six undesignated felony. *See* A.R.S. § 13-1402 (Supp. 2017). The juvenile court found Appellant delinquent and ordered him to comply with probation terms, including participating in a psychosexual evaluation and any other exams ordered by the juvenile probation officer. The court, however, deferred its finding as to whether Appellant was required to register as a sex offender.

**¶3** Over the course of two years, the juvenile court found that Appellant violated the terms of his probation numerous times. The court,

---

[1]    We cite the current version of applicable statutes because no revisions material to this decision have occurred.

[2]    We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

however, continued to defer its decision as to whether Appellant was required to register as a sex offender. One month before Appellant turned eighteen the court held a hearing to determine whether Appellant was required to register as a sex offender and heard from the juvenile probation officer, the State, the guardian ad litem, and Appellant's counsel. At the hearing, the probation officer recommended that Appellant register as a sex offender because he failed to successfully complete the terms of his probation. The probation officer further stated that Appellant failed to comply with the terms of his probation by smoking marijuana, contacting his girlfriend, and exhibiting sexualized behavior. The State agreed with the probation officer's recommendation and requested that Appellant register as a sex offender because he was unable to successfully complete his probation obligations.

**¶4**        In his defense, Appellant's guardian ad litem and counsel argued that if Appellant registered as a sex offender it would serve as a punishment and defeat the rehabilitative purposes of the juvenile justice system. Appellant's counsel additionally argued that Appellant should not register as a sex offender because he was assessed as a low-moderate/moderate risk for committing additional crimes and because he had shown improvement and maturity over the course of his probation term. The juvenile court took the matter under advisement and ultimately ruled that Appellant was required to register as a sex offender pursuant to A.R.S. § 13-3821(D) (Supp. 2017). Appellant timely appealed.

## ANALYSIS

**¶5**        A juvenile court has discretion in requiring a juvenile adjudicated delinquent of indecent exposure to register as a sex offender until the age of twenty-five. *See* A.R.S. § 13-3821(D). We will only overturn the juvenile court's order if the court based its decision on legally incorrect reasons or if the court's ruling amounts to a denial of justice. *State v. Davis*, 226 Ariz. 97, 102-03, ¶ 23 (App. 2010) (citation omitted). *See also In re Nickolas T.*, 223 Ariz. 403, 406, ¶ 10 (App. 2010) ("[T]he legislature has given the juvenile court the discretion in the first instance to determine whether a juvenile offender should be required to register as a sex offender.").

**¶6**        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. Appellant was represented by counsel at all stages of the proceedings. The court's order that Appellant register as a sex offender was a legally permissible exercise of the court's discretion and is supported by the evidence. The proceedings were conducted in compliance with Appellant's constitutional

and statutory rights and the Arizona Rules of Procedure for the Juvenile Court.

¶7　　　　　After the filing of this decision, counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review. *See* Ariz. R.P. Juv. Ct. 107(A).

## CONCLUSION

¶8　　　　　We affirm the juvenile court's order requiring Appellant to register as a sex offender until the age of twenty-five.



AMY M. WOOD • Clerk of the Court
FILED: AA