NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE JONNY N.

No. 1 CA-JV 19-0408
FILED 6-18-2020

Appeal from the Superior Court in Navajo County
Nos. S0900JV201800064
S0900JV201800185
S0900JV201900194
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

The Lara Group PLC, Mesa
By Matthew Lara
*Counsel for Appellant*

Navajo County Attorney's Office, Holbrook
By Bradley W. Carlyon
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1            Jonny N. ("the juvenile") appeals a purported order from the juvenile court transferring his delinquency petition to adult court for criminal prosecution. He argues that the court abused its discretion by granting the transfer. After searching the record on appeal, the transfer objected to was never requested nor granted. Since the court did not exercise its discretion, it necessarily could not abuse that discretion; we affirm.

## BACKGROUND

¶2            A contested hearing was held in November of 2019 on a delinquency petition filed October 15, 2019, alleging one count of escape in the second degree; one count of escape in the first degree; two counts of aggravated assault; and two petitions to revoke the juvenile's probation, filed October 7, 2019, and October 14, 2019. The court adjudicated the juvenile delinquent with respect to both counts of escape and one count of aggravated assault and found the juvenile to be in violation of his probation on both probation violation petitions.

¶3            The juvenile now appeals from an order transferring the juvenile's delinquency petition to adult court for prosecution on a petition filed February 20, 2018. There is no record of a petition filed against the juvenile on that date. Furthermore, according to the record before us, the State never sought to transfer this juvenile to adult court. *See* Ariz. R.P. Juv. Ct. 34.

## DISCUSSION

¶4            This Court reviews the result of a contested adjudicatory hearing for a "clear abuse of discretion." *In re Sean M.*, 189 Ariz. 323, 324 (App. 1997). We also review a disposition order for a "clear abuse of discretion." *In re Timothy M.*, 197 Ariz. 394, 396 ¶ 9 (App. 2000) To the extent the juvenile argues the merits of the juvenile court's order to transfer the

petition, we cannot grant relief because a motion to transfer and order transferring the juvenile does not exist.

**¶5** There is one delinquency petition and two petitions to revoke the juvenile's probation at issue, and we find no instance where the State sought to have the juvenile transferred to adult court. *See* Ariz. R.P. Juv. Ct. 34(A)–(B) (To initiate a transfer, the State "may file a motion with the clerk of the court requesting that the juvenile court waive jurisdiction and order the transfer of the juvenile to the appropriate court for criminal prosecution," with an accompanying complaint.) As stated *supra* ¶ 3, there is no record of a petition allegedly filed against the juvenile on February 12, 2018, which is the basis of the juvenile's challenge. The record is devoid of any instance where the State sought to have the juvenile transferred to adult court for prosecution in the petition before this Court. Accordingly, the juvenile court did not exercise nor did it abuse its discretion.

## CONCLUSION

**¶6** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:      AA