NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE DELINQUENCY OF S.A.

No. 1 CA-JV 23-0195
FILED 05-14-2024

---

Appeal from the Superior Court in Maricopa County
No. JV207842
The Honorable Lauren R. Guyton, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Phoenix
By A. Jason Max
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge David D. Weinzweig joined.

---

**J A C O B S**, Judge:

¶1        S.A. appeals the juvenile court's order requiring him to register as a sex offender until the age of twenty-five.  Counsel timely filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969), and *Maricopa County Juv. Action No. JV-117258*, 163 Ariz. 484 (App. 1989), indicating that they searched the record and found no arguable question of law to raise on appeal that is not frivolous. We independently reviewed the record for arguable issues.  *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). We find no error and thus affirm the court's order.

## FACTS AND PROCEDURAL HISTORY

¶2        In March 2022, the State filed a delinquency petition alleging S.A. committed eight counts of molestation of a child, one count of sexual abuse, one count of sexual conduct with a minor, and one count of assault. The State also filed a notice of intent to retain jurisdiction over S.A. until his nineteenth birthday pursuant to A.R.S. § 8-202(H).

¶3        In April 2022, the court adjudicated S.A., who is deaf, delinquent through a plea agreement for one count of sexual conduct with a minor and two counts of molestation of a child.  Sexual conduct with a minor is a class 2 felony in violation of A.R.S. § 13-1405 and molestation of a child is a class 2 felony in violation of A.R.S. § 13-1410.  The court placed S.A. in the custody of his mother with a safety plan and ordered S.A. to participate in a psychosexual evaluation.

¶4        The psychosexual evaluation recommended S.A. complete treatment for sexually maladaptive behaviors at a behavioral health inpatient facility and determined S.A.'s risk of sexual recidivism was moderately high.  The report noted that some tests were conducted with the use of an interpreter for the deaf which "deviate[d] from standardized administration" so the results should be read "with some degree of caution."

¶5            In July 2022, the court held a disposition hearing.   After hearing recommendations by the juvenile probation officer and the State, and over defense counsel's objection, the court ordered S.A. be committed to the Arizona Department of Juvenile Corrections ("ADJC") for a minimum of thirty days.  The court deferred its decision whether to require S.A. to register as a sex offender.

¶6            In September 2023, the court held a status hearing regarding sex offender registration.  The juvenile probation officer expressed concerns over S.A. continuing to experience "sexual fantasies of unknown children . . . and pop-ups of victim."  The guardian ad litem showed concern over S.A.'s treatment and that he "did not receive appropriate interpreter translation services," which may have negatively impacted his progress. The guardian ad litem also highlighted S.A.'s hearing disability "pose[d] significant barriers" because the tests administered to determine his risk were "not normed on the deaf population."

¶7            The State acknowledged the concerns over S.A.'s treatment and explained that the psychosexual evaluation performed by Dr. Leclerk at ADJC was redone to ensure appropriate interpretation services were used.  The State explained S.A.'s risk to reoffend was "moderate" based on static and dynamic factors, and recommended S.A. register as a sex offender because S.A. admitted he "continued to experience sexual fantasies or arousal towards 13 or 14 years olds" even though he was almost nineteen years old, and he experienced "pop ins of his victims."  The State mentioned reports that noted S.A. "was not taking treatment seriously" and pointed to S.A.'s minimization of and perceived lack of empathy for the victims in his answers.  The State also expressed concerns over S.A.'s lack of "a concrete relapse prevention plan" and that it appeared S.A. did not internalize treatment.

¶8            Defense counsel questioned whether S.A. received appropriate treatment with the proper interpreter services.  Further, while S.A. "endorse[d] new victims," defense counsel clarified S.A. "believe[d] when he was talking about thinking about children, that was misconstrued."   The court acknowledged S.A.'s "challenges" during treatment and that it was not clear S.A. "got what [he] needed in the way [he] needed it" at ADJC.  After considering the totality of the circumstances and community safety, the court ordered S.A. to register as a sex offender. S.A. objected and timely appealed.

**DISCUSSION**

**¶9**       We reviewed the record for fundamental error. Error is fundamental when it affects the foundation of the case, takes from the defendant a right essential to his defense, or is of such a magnitude that the defendant could not have received a fair trial. *See State v. Henderson*, 210 Ariz. 561, 567 ¶ 19 (2005). Further, a defendant must establish the error caused him prejudice. *Id.* at 567 ¶ 20.

**¶10**       The record reflects S.A. was present and represented by counsel during all critical stages of the proceedings and that the juvenile court afforded him all rights under Arizona statutes and the Arizona Rules of Procedure for the Juvenile Court. A.R.S. § 13-3821(D) authorizes the juvenile court to require a juvenile who has been adjudicated delinquent and commits an enumerated offense under § 13-3821(A) to register as a sex offender until the juvenile's twenty-fifth birthday. S.A. pled delinquent to three enumerated offenses, two counts of molestation of a child and one count of sexual conduct with a minor. *See* A.R.S. § 13-3821(A)(4) (citing A.R.S. § 13-1405); A.R.S. § 13-3821(A)(7) (citing A.R.S. § 13-1410). Because molestation of a child and sexual conduct with a minor are offenses enumerated in A.R.S. § 13-3821(A), the court had the authority to require S.A. to register. Moreover, in the plea agreement, S.A. agreed to be subject to potential sex offender registration.

**¶11**       The juvenile court did not err in determining that S.A. posed a risk of recidivism justifying his registration as a sex offender. "It is within the juvenile court's discretion to determine the disposition of a juvenile following an adjudication of delinquency, and, absent clear abuse of discretion, we will not disturb that disposition." *In re Sean M.*, 189 Ariz. 323, 324 (App. 1997). The court reviewed S.A.'s psychosexual evaluation, which determined S.A. had a moderate risk of sexual recidivism. The record reflects recommendations from S.A.'s probation officer, the guardian ad litem, the State, his mother, and defense counsel. The court heard concerns about S.A.'s admissions of new victims, thoughts about children, experiencing pop-ins of his victims, and lacking a prevention plan. Further, the court heard concerns about whether S.A. internalized treatment and how his actions continued to minimize the events and portrayed a lack of empathy for his victims.

**¶12**       We nonetheless consider whether the lack of appropriate translation services could constitute error here. Yet even assuming S.A. has a right to appropriate translation services at every step during the State's evaluation of him, to establish reversible error, S.A. would have to show

that he was prejudiced by any failure of translation services here. S.A. cannot show that on this record. S.A. admitted having thoughts about new victims, sexual arousal over 13 and 14 year olds, and pop-ins of his victims. These concerning indications sufficed to establish his risk of recidivism, making the juvenile court's order that he register as a sex offender until the age of twenty-five one squarely within its discretion. Additional ameliorative information would not have rendered that decision an abuse of discretion. Moreover, S.A. had access to translators during treatment, and in one instance when there was not an appropriate translator, the psychosexual evaluation was redone.

## CONCLUSION

¶13        We have reviewed the entire record for fundamental error and find none. *See Leon*, 104 Ariz. at 300 (1969). Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), counsel's obligations in this appeal are at an end. Counsel need do nothing more than inform S.A. of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See* Ariz. R.P. Juv. Ct. 609(A). For the foregoing reasons, we affirm the order requiring S.A. to register as a sex offender until the age of twenty-five.

