NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY JACQUES, *Appellant.*

No. 1 CA-CR 19-0033
FILED 4-28-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-104388-001
The Honorable Cari A. Harrison, Judge, *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Law Offices of Stephen L. Duncan Esq., Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge D. Steven Williams joined.

---

**B R O W N**, Judge:

¶1        Anthony Jacques appeals his convictions and sentences for second-degree murder, aggravated assault, and simple assault.  For the following reasons, we affirm.

## BACKGROUND

¶2        Jacques got into a brawl in the parking lot of his apartment building with his neighbor (J.E.) and J.E.'s friends (S.A. and A.V.).  Jacques had never met the two friends.  During the altercation, Jacques broke away and ran toward his apartment, obtained a gun, and began shooting—first at J.E., who was grazed by a bullet as he ran toward his own apartment, and then at S.A. and A.V., who both attempted to flee in other directions.  Jacques shot S.A. two or three times, killing him.

¶3        The State charged Jacques with the first-degree murder of S.A. and two counts of aggravated assault against J.E. and A.V.  At trial, Jacques defended on the basis that he was justified in using deadly physical force to prevent the commission of one or more crimes.  He testified that (1) he shot at the victims because he feared for his life, and (2) J.E. was a violent gang member who regularly carried guns and who had threatened him with an assault rifle two weeks before the fight.  A jury found Jacques guilty of (1) the lesser-included offense of assault, committed against J.E.; (2) aggravated assault committed against A.V.; and (3) the lesser-included offense of second-degree murder of S.A.

¶4        The superior court sentenced Jacques to an aggravated term of 20 years' imprisonment for the murder conviction, to be served concurrently with a presumptive term of 7.5 years' imprisonment for the aggravated assault and 180 days in jail (time served) for the simple assault. This timely appeal followed.

**DISCUSSION**

¶5        Two of the three issues Jacques raises on appeal relate to the justification defense he presented at trial.  A.R.S. § 13-411 ("use of force in crime prevention") states, in relevant part:

> A. A person is justified in threatening or using both physical force and deadly physical force against another if and to the extent the person reasonably believes that physical force or deadly physical force is immediately necessary to prevent the other's commission of . . . manslaughter under § 13-1103, second or first degree murder under § 13-1104 or 13-1105, . . . or aggravated assault under § 13-1204, subsection A, paragraphs 1 and 2.[1]
>
> B. There is no duty to retreat before threatening or using physical force or deadly physical force justified by subsection A of this section.
>
> C. A person is presumed to be acting reasonably for the purposes of this section if the person is acting to prevent what the person reasonably believes is the imminent or actual commission of any of the offenses listed in subsection A of this section.
>
> D. This section includes the use or threatened use of physical force or deadly physical force in . . . any . . . place in this state where a person has a right to be.

If a defendant offers "some evidence" that the conduct underlying the alleged offense was justified under § 13-411, the State "bears the burden of proving 'beyond a reasonable doubt that the defendant did not act with justification.'"  *State v. Holle*, 240 Ariz. 300, 304, ¶ 21 (2016) (quoting A.R.S. § 13-205(A)).

###### A.        Other Acts Evidence

¶6        Arizona Rule of Evidence ("Rule") 404(b) provides in relevant part that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity

---

[1]        Section 13-1204(A)(1) and (2) refer to aggravated assault by "caus[ing] serious physical injury" or "us[ing] a deadly weapon or dangerous instrument."

therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The party seeking admission of other acts evidence, in this case Jacques, must prove by clear and convincing evidence that the alleged acts occurred. *State v. Fish*, 222 Ariz. 109, 123, ¶ 43 (App. 2009).

¶7        Before trial, Jacques filed a motion in limine seeking approval to present evidence at trial that J.E. had committed other acts of violence both known and unknown to Jacques at the time of the shooting. The unknown other acts were based on charges the State had previously brought—and dismissed—against J.E. for attempted second degree murder, aggravated assault, endangerment, discharge of a firearm at a structure, kidnapping, and theft by extortion. Jacques argued evidence of J.E.'s known and unknown other violent acts was relevant to show or corroborate his fear of J.E. and thereby support his defense that he reasonably believed he needed to exercise force against J.E. and his friends. The superior court permitted Jacques to present evidence of J.E.'s violent acts and disposition known to Jacques at the time of the shooting. *Supra* ¶ 3. But the court ruled the unknown other acts evidence was inadmissible under Rule 404(b) and, even if it were admissible, it should be excluded under Rule 403. Specifically, the court found that the evidence of the unknown other acts was "irrelevant to the facts in this case," and even if the evidence was admitted, it would likely confuse the jury. We review the court's exclusion of other act evidence for an abuse of discretion. *See State v. Romero*, 239 Ariz. 6, 9, ¶ 11 (2016).

¶8        Jacques argues he was entitled to present evidence of J.E.'s unknown other acts for the reasons set forth in *Fish*, 222 Ariz. at 122–26, ¶¶41–54. In that case, the homicide defendant sought to present evidence of specific acts of violence by the victim—unknown to the defendant at the time of the homicide—to support the defendant's claim he acted in self-defense. *Id.* at 115, ¶ 9. On appeal, we held that the proffered evidence was relevant under Rule 404(b) "to corroborate Defendant's description of the events leading up to the shooting even though Defendant was unaware of those acts." *Id.* at 126, ¶ 54. We emphasized that our decision did not "mean that in any self-defense claim prior acts of a victim unknown to the defendant at the time of the alleged crime are always admissible to corroborate the defendant's claim," but concluded the victim's "prior acts were highly relevant to the credibility of the self-defense claim" in Fish's case given the following circumstances: (1) the State did not dispute that the victim had committed the other acts, (2) those acts were "very similar" to the description of the victim's conduct given by the defendant

immediately after the shooting, (3) there were no other witnesses to the shooting, and (4) the State attacked the veracity of the defendant's account of what occurred.[2] *Id.* at 123–25, ¶¶ 44, 48–49.

**¶9** *Fish* does not support Jacques's argument because the circumstances supporting admissibility in that case do not exist here. First, Jacques fails to show how the superior court abused its discretion in finding that Jacques did not meet his burden of showing J.E. committed the alleged other acts by clear and convincing evidence. *See id.* at 123, ¶ 43. The prosecutor dismissed all of the charges against J.E., and Jacques's proposed proof that J.E. committed the charged conduct is not included in the record on appeal.[3] *See State v. Geeslin*, 223 Ariz. 553, 554, ¶ 5 (2010) (stating the general rule that an appellant bears burden of making record of trial error and matters missing from that record are presumed to support the trial court's ruling). Thus, we affirm the court's exclusion of the unknown other acts evidence on that basis alone.

**¶10** Even assuming Jacques met his burden of proof, the evidence Jacques relied on did not show pronounced similarities to the circumstances in this case so as to render the other acts probative of J.E.'s conduct in this case. The alleged other acts took place three and seven years before the incident in this case, and the only resemblance between the earlier and later events was of a general nature—namely, allegations that J.E. carried a gun and made threats. By contrast, the other acts in *Fish* entailed similar conduct by the victim under circumstances peculiarly similar to the situation at the time he was killed, making the other acts highly probative of the victim's intent on the later occasion. Third, unlike in *Fish*, multiple witnesses were available to testify in this case about what occurred between Jacques and J.E.; therefore, Jacques did not need to rely on unknown other act evidence as the sole means of corroborating his account. On this record, the superior court did not abuse its discretion in finding the other act evidence inadmissible under Rule 404(b). We

---

[2] We reversed and remanded the case for a new trial on other grounds. *Fish*, 222 Ariz. at 114, ¶ 7. Because the superior court did not conduct a Rule 403 analysis when it initially considered the other act evidence, we directed the court to do so if appropriate on remand. *Id.* at 126, ¶¶ 53–54.

[3] Jacques sought to prove J.E. committed the acts exclusively with documentary evidence—namely, "Form 4" statements completed by law enforcement for the purpose of showing probable cause for arrest.

therefore find it unnecessary to consider its alternative finding under Rule 403.

### B. Motion for a New Trial

¶11 In its final jury instructions, the superior court advised jurors of the law applicable to Jacques's justification defense under A.R.S. § 13-411. *See* Revised Arizona Jury Instructions ("RAJI") Stat. Crim. 4.11 (use of force in crime prevention) (4th ed. 2016). During their deliberations, the jury asked the following question: "Does the 'Use of Force In Crime Prevention' apply to each charge individually or as a blanket statement? (i.e. if crime prevention applies, do we have to find the defendant not guilty of all three counts?)." In discussing the question, the prosecutor, defense counsel, and court all agreed that jurors should consider the justification's applicability to each count separately. Defense counsel suggested that the court refer jurors to the general instruction on separate counts and ultimately concurred in the court's response: "[Y]ou need to consider each count separately as it relates to the 'Use of Force in Crime Prevention' Instruction."[4] The questions the jury asked, together with their verdicts, make clear they found Jacques's conduct justified as to J.E. but not as to the other two victims.

¶12 After the verdicts were handed down, Jacques moved for a new trial on the ground that the superior court's response to the jury's first question—that jurors should determine the applicability of A.R.S. § 13-411 to each count separately—was incorrect as a matter of law and resulted in verdicts contrary to law. Jacques argued that because the facts of the case showed all three victims were acting in concert, the court should have instructed jurors that if they found § 13-411 justified Jacques's exercise of force against one victim, they were required to find his conduct justified as to all three. The court denied Jacques's motion.

---

[4] The jury asked two related follow-up questions: "[I]f we cannot agree that crime prevention appl[ie]s to aggravated ass[a]ult for one of the victims, do we find defendant not guilty of [the] charge? If we find the defendant not guilty of aggr[a]vated assault due to [the] crime prevention statute, can we consider assault as a charge?" Again, the prosecutor and defense counsel agreed with the court's response: "Please refer to your jury instructions as to the Crime Prevention Statute and the offense of 'aggravated assault.' The Crime Prevention Statute does not apply to the lesser included offense of 'assault.'"

¶13        We ordinarily apply an abuse of discretion standard in considering the superior court's denial of a motion for a new trial. *State v. Hoskins*, 199 Ariz. 127, 142, ¶ 52 (2000). Here, however, Jacques has forfeited review of the issue. By requesting, in substance, the very response to the jury of which he now complains, Jacques invited the error. *See State v. Logan*, 200 Ariz. 564, 565–66, ¶¶ 8–9 (2001) (defendant who requests an erroneous instruction waives the right to challenge that instruction on appeal, even as a matter of fundamental error); *State v. Yegan*, 223 Ariz. 213, 218–19, ¶¶ 21–22 (App. 2009) (defendant invited error by submitting instruction that carelessly reflected the State's own erroneous submission). Subsequently challenging a requested instruction in a motion for a new trial does not un-invite the error so as to preserve the issue for review. *See State v. Davis*, 226 Ariz. 97, 100, ¶ 12 (App. 2010) ("[A]n untimely objection first raised in a motion for a new trial does not preserve an issue for appeal.").

## C.        Admission of Photo

¶14        During its case in chief, the State sought to admit several photos of Jacques for the asserted purpose of proving he was the shooter. Three eyewitnesses (of the nine who testified) did not identify Jacques at trial but described the shooter as having tattoos; the photos showed tattoos on Jacques's torso, calves, hands, and arms. Jacques objected, arguing identity was not at issue in the case and at least some of the photos, particularly on his legs, were unduly prejudicial under Rule 403. The superior court admitted the photos over objection but instructed jurors to consider them solely for the purpose of identity.

¶15        Jacques argues the superior court should have excluded the photo of his calves, which showed tattoos with the words "WEST SIDE," under Rule 403 because its scant relevance was substantially outweighed by the risk that jurors would assume he was a gang member and judge him on that basis. However, because Jacques did not raise that objection during trial, we only review whether admission of the photograph caused fundamental error resulting in prejudice. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).

¶16        We agree with Jacques that under the circumstances of this case—in which he did not challenge his identity as the shooter, overwhelming evidence established as much, and the superior court admitted other photos showing Jacques's tattoos—the relevance of the photo showing a "WEST SIDE" tattoo on his calves was marginal. Jacques provides no legal or evidentiary support for his contention that "WEST SIDE" is commonly understood to symbolize gang affiliation—as opposed

to signaling a benign reference, as to hometown pride. In addition to the "WEST SIDE" tattoo on his calves, Jacques had "PHOENIX" tattooed on his hands and testified he had lived in the Phoenix area his entire life. Thus, no evidence was presented at trial suggesting he was a gang member. Accordingly, Jacques has not established that the court committed fundamental, prejudicial error in admitting the photo showing his "WEST SIDE" tattoo.

## CONCLUSION

¶17        For the foregoing reasons, we affirm Jacques's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA